E. I. HAM v. GEORGE A. WHEATON and Another.[1]

May 29, 1895.

Nos. 8994–(91).

**Action for Wages—Sufficiency of Evidence.**

Evidence considered, and *held* sufficient to justify the verdict.

Appeal by defendants from an order of the municipal court of Minneapolis, Holt, J., denying a motion for a new trial. Affirmed.

*John H. Long* and *A. S. Keyes*, for appellants.

*Charles G. Laybourn*, for respondent.

BUCK, J. This action was brought to recover $490.41, damages alleged to have been caused by defendants' breach of a contract made with plaintiff, whereby they hired him as an estimator in the sash and door manufacturing business for the term of one year, commencing February 2, 1893, at the agreed price of $1,000.

Plaintiff alleges that only $509.59 has been paid on the contract, and that on August 5, 1893, he was wrongfully discharged from said employment, and that thereafter they refused to employ him further. The defendants admit that plaintiff was in their employ from February 2, 1893, to August 5, 1893, and that they have paid him $509.59, but deny a contract for one year, and allege that the contract was one from month to month, and they further allege that plaintiff was discharged for cause. There was a trial by jury, and a verdict rendered for plaintiff for $413.49. A motion for a new trial having been made and denied, the defendants appealed to this court.

The principal issues litigated were: (1) Was the contract of employment by the month or for a year? (2) Was the plaintiff discharged for cause? Upon both of these issues the evidence was conflicting, and it was clearly within the province of the jury to determine whether to believe the plaintiff's evidence or that of the defendants, and with that finding we do not feel disposed to interfere, because there is ample evidence to sustain the verdict.

[1] Reported in 63 N. W. 495.

By the third, fourth, and fifth assignments of error the appellants claim that the court erred in refusing to allow the witnesses Cameron, Reynolds, and Wheaton to testify how the men of the defendants were hired, and in not allowing witnesses to testify that they never hired any men by the year. Whatever may have been the general practice of the defendants in hiring other men it seems to us was immaterial, as the issue was whether there was an express contract between the parties of a hiring by the month or year. If such a practice existed, it had none of the elements of a custom which could bind the plaintiff, nor would its admission have tended to show that defendants' testimony was more reasonable than that of the plaintiff.

The ninth assignment of error is based upon the ground that the court erred in instructing the jury that they could take into consideration the fact that defendants did not give plaintiff any reason for discharging him, considering that the discharge was made for cause. There was no error in this instruction. It was a matter which the jury had a right to consider as bearing upon the question of the making of the contract, and whether the defendants discharged the plaintiff without reasonable cause.

The defendants, among other things, in their tenth assignment of error, allege misconduct of the jury and the plaintiff, and allege that at the trial he asked each juror the questions, "Are you acquainted with the respondent? Do you know him?" and that they all answered in the negative. We have searched in vain through the record for any such proceedings, and it seems almost needless to say that whatever occurred during the trial, and as a part thereof, should appear in the settled case, and, if not to be found there, this court will not consider it. This applies to all other matters to which the defendants refer in their argument upon the tenth assignment of error, and which do not appear in the settled case. The matters in the defendants' affidavit other than those which should have appeared in the settled case were contradicted by the plaintiff's affidavit, and, with these conflicting affidavits before us, we do not feel disposed to interfere with the ruling in regard to them made by the trial court.

We find no errors in the record prejudicial to the defendants, and the order denying the motion for a new trial is affirmed.