ELSIE EDLUND v. ST. PAUL CITY RAILWAY COMPANY.

December 20, 1899.

Nos. 11,843—(153).

**Misconduct of Juror—Silence of Record—Affidavit of Counsel.**

The rule that what occurs at the trial of an action, as a part thereof, must be made to appear in a settled case or a bill of exceptions, applied in a case where, upon a motion for a new trial, on the ground, among others, of the misconduct of a juror, an attempt was made to show by the affidavit of counsel that each and all of the jurors were questioned, when called, as to their knowledge of the facts in such case, and that each and every one denied having any knowledge whatsoever of the facts.

**Complaints of Pain to Physician.**

The rule laid down in Williams v. Great Northern Ry. Co., 68 Minn. 55, as to the admission of testimony of a physician of the statements and complaint of present, existing pain and suffering, made by a patient at the time he is in attendance as such physician, followed.

## Negligence—Charge to Jury.

*Held*, that upon the evidence as to defendant's negligence, either in the construction of a temporary track, or in the management of a car thereon, the court did not err when it refused to charge as requested by defendant.

Action in the district court for Ramsey county to recover $10,000 damages for personal injuries. The case was tried before Bunn, J., and a jury, which rendered a verdict in favor of plaintiff for $3,500; and from an order denying a motion for a new trial, defendant appealed. Affirmed.

*Munn & Thygeson*, for appellant.

*S. C. Olmstead*, for respondent.

COLLINS, J.

It is first claimed on this appeal that the motion for a new trial should have been granted because of the alleged misconduct of the juror Soucheray. This juror either knew when he was sworn as such, or discovered soon after the trial began, that he had some knowledge of the force of the collision in which plaintiff claims she had received an injury, having been on the car which was run into that on which plaintiff was a passenger; and he failed to disclose the fact of his having been on one of the cars when the accident occurred. We shall assume that, if properly shown at the hearing of the motion, the juror was guilty of such misconduct as would entitle defendant to a new trial, but it must not be understood that we so hold. But the fact of Soucheray's misconduct was not made to appear in a proper manner. There was no bill of exceptions, and on the settled case there was nothing from which it could be gathered that Soucheray, when called as a juror, was informed of the names of the parties or of the nature of the case, or was put in possession of any facts which would have indicated to him that he had been present when the cars collided. The record of the trial was entirely silent as to what questions, if any, were put to the jurors when they were called. Attached to the notice of motion, and made a part of the same, was an affidavit, made by one of defendant's counsel, in which it was stated that all of the jurors, including Soucheray, were advised, when impaneled, of the character of the case, and were told sufficient of its details to identify

it, and that every one, including Soucheray, stated that he had no knowledge of the facts. But this method of attempting to show a part of the proceedings at the trial was unauthorized and improper. What occurred at the trial, as a part thereof, cannot be established by means of affidavits, but must be made to appear as a part of the settled case or bill of exceptions. See Ham v. Wheaton, 61 Minn. 212, 63 N. W. 495. The necessity of such a rule is manifest.

It is claimed, second, that the court erred when it refused to instruct the jury, as requested by defendant, as to its liability on account of the Selby avenue derailment. Upon a careful reading of the evidence, we are of the opinion that the question of defendant's negligence on this particular occasion was for the jury. A temporary track had been laid in the street, by putting ties down on top of well-worn cedar block pavement; and on these ties 50-pound rails, which had been used a number of years, were spiked. Except at the ends of this temporary track, where it curved in order to connect with the permanent track, there was no filling in or ballasting. A rail broke between the curves on this temporary track, the reason not being perfectly apparent. But we think, on the testimony as to the manner of constructing the track, and of operating the car in question over it, the instruction was properly refused.

It is contended, third, that it was error for the court to allow a physician who attended the plaintiff, and made an examination of her injuries, to testify as to what statements and complaints she made to him at that time of existing pain and suffering. The question propounded to the physician was confined to statements and complaints of present pain and suffering, and a responsive answer was clearly admissible under the decision in Williams v. Great Northern Ry. Co., 68 Minn. 55, 70 N. W. 860. See also cases therein referred to. The error complained of is covered by that decision, and the court was right in overruling the objection.

This disposes of the case, and the order is affirmed.

On December 29, 1899, the following opinion was filed:

PER CURIAM.

A reargument is asked for, on the ground that this court erred in holding that the fact, if it was the fact, that when the jury was impaneled the defendant's counsel, after stating to them the names of the parties and the alleged facts constituting plaintiff's cause of action, inquired of all if any of them knew anything about the facts of the accident, to which all, including Soucheray, answered that they did not, could not be shown by affidavits, but, being a part of the proceedings on the trial, could only be made to appear as part of a settled case or bill of exceptions. Withdrawing what was said on that point, and leaving it undecided, we are still of opinion that the motion for a new trial was properly denied.

All that appeared was that Soucheray was on the Interurban car which collided with the car on which plaintiff was a passenger, and was sitting with his wife in a seat about midway of the car, which was packed with passengers, and did not see or hear anything in connection with the collision, and knew nothing of the causes or attending circumstances thereof, except that he felt the jar when the cars collided; that he did not leave his seat; that the occurrence had entirely passed out of his mind, and, when he was interrogated at the trial by defendant's counsel, he did not recall it at all, or recognize it as the same referred to by counsel, until the details of the occurrence had been brought out in the evidence on the trial. The collision was an admitted fact, both in the answer and upon the trial. The only issue as to that accident was as to the extent of the injuries, if any, sustained thereby by the plaintiff, of which Soucheray knew nothing, or did not even know that she was on the other car. The cause of action mainly urged on the trial was for injuries alleged to have been sustained on the same day from another accident, occurring to a car on the Selby avenue line, in which plaintiff was also a passenger, and of which it is not claimed that Soucheray knew anything. Upon this state of facts, there was no error in the court's refusing to grant a new trial. It was, at most, a matter addressed to the discretion of the court.

Application denied.