FARMERS UNITED TOWNSHIP MUTUAL HAIL ASSOCIATION v.
EDWARD DALLY.[1]

April 27, 1906.

Nos. 14,759—(46).

**Insurance Policy—Assessment.**

A policy in a mutual hail association, organized under sections 3333–3360, G. S. 1894, and acts amendatory thereto, which was issued in 1901, is subject to an annual assessment of five per cent. of its face at a date subsequent to the amendment made by section 9, c. 271, p. 397, Laws 1903.

**Set-Off.**

The holder of such a policy is not entitled to set off against an assessment of a particular year, in an action brought to enforce it, a balance of a loss in a prior year remaining unpaid after the insured had received on that loss a proper proportion of funds available for that purpose under his agreement with the association.

**Attorney's Fee.**

It is *held* that the association, under the policy, application, and bylaws appearing in this record, is entitled to recover a reasonable attorney's fee for collecting the assessment, and that the fee allowed by the court was in fact proper.

Appeal by defendant from a judgment of the district court for Winona county in favor of plaintiff for $143.98, entered pursuant to the findings and order of Snow, J.   Affirmed.

*William Burns,* for appellant.

*James A. Carley* and *B. A. Man,* for respondent.

JAGGARD, J.

The plaintiff and respondent was a mutual hail association, incorporated under sections 3333–3360, both inclusive, G. S. 1894, and acts amendatory thereof.   On May 31, 1901, the defendant and appellant took out a policy of hail insurance to the maximum extent of $600. An action was brought against the defendant to compel him to pay a five per cent. assessment made September 3, 1903, to the amount of

[1]Reported in 107 N. W. 555.

$30, and for $25, the alleged reasonable value of attorney's fees in collecting in that suit. The defendant refused to pay the assessment so made, on the grounds that said assessment was illegally made under the legislative act then governing the plaintiff and was contrary to the bylaws of said association and that the plaintiff owed the defendant $61.90 on a loss by hail in 1902 on which the plaintiff had paid only $37.14. Further facts appearing in the record, which slightly affected the amount of plaintiff's claim, have no special legal significance. Upon findings of fact and conclusions of law by the district court, judgment was rendered for plaintiff. The defendant took this appeal.

1. Of the appellant's ten assignments of error, many are primarily directed to the alleged errors of the district court in finding certain facts. None of the evidence to which the trial court refers in its findings appears in the paperbook, except only a copy of the resolution making the assessment. Accordingly, in so far as errors of fact are concerned, no question is presented on this appeal.

2. The assessment was legal under the statutes of this state and sufficiently conformed to the bylaws of the association applicable to the facts as stated. The defendant is mistaken in the contention of his brief that the defendant in this action insured with the plaintiff when Laws 1885, p. 238, c. 186, was in force, if he means that the right to assess was determined by that law. The court, however, found— and these findings of fact are conclusive here—that the defendant applied for membership on May 31, 1901, and that the insurance was for a term of five years from that date. In 1899 the legislature fixed "the liability of the assured not to exceed five per cent. on the amount of insurance." Laws 1899, p. 484, c. 357, § 3. That act took effect and was in force from and after its passage. It was approved April 21, 1899. The defendant's claim as to the provisions of the bylaws is equally unfounded. The court was justified in finding as it did, that at the time the policy was issued to the defendant these bylaws provided for an assessment of five per cent. Defendant's application for insurance expressly referred to an assessment of such percentage.

Defendant further argues that the plaintiff could not levy an assessment of five per cent. as it did in this case, because of section 9, c. 271, p. 397, Laws 1903, which went into effect before the assessment

in this case was made, and because of the amendment of the bylaws made to conform to this law. Under that section all companies were required to charge and collect a full mutual premium in cash, or notes absolutely payable, at a rate which shall not be less than two and one-half per cent. per annum of the face amount of risk, and imposing a liability on every policy holder not exceeding, in addition to the premium named in the policy, a sum not in any one year to exceed five per cent. The bylaws of the plaintiff were amended so as to specifically incorporate this statutory provision. Defendant insists that the result was the creation of two classes of policy holders; one class comprising those who had obtained their insurance before the law was amended and the bylaws changed in 1903, and the other class including those who had insured thereafter; that the law required those who became policy holders before that date to pay a five per cent. assessment and those who came in after that date a two and one-half per cent. assessment; and that this gave an advantage to the policy holders who came in after January, 1903. The result, however, of the delivery by the policy holders who became members of the association since 1903, of a two and one-half per cent. premium and of a two and one-half per cent. assessment on them is the same as a five per cent. assessment of the earlier members.

This appeal does not involve a construction by this court of the rights and liabilities as between the old and new members. The new act did not relieve the old policy holders from the obligations imposed by the law in force at the time of the making of the application and of issuing the policy.

The resolution was to the effect that an assessment of five per cent. on all insurance in force be levied for the payment of losses and expenses. The defendant was not called upon to pay a larger assessment than was proper. The insurance on a loss in a previous year, in this case, had not been paid in full according to the mere face of the policy, but it appeared that defendant had been paid his proportionate share of what funds were then on hand from which the loss was payable under the terms of the policy, construed in connection with the application and with the bylaws of the association. That was all the policy holder was entitled to receive. There was therefore

no balance due him on account of such previous loss which he could set off against the assessment here sought to be recovered.

The defendant also insists that the record fails to show a full performance by plaintiff with all the provisions of section 10, c. 271, p. 397, Laws 1903. No issue appears to have been sufficiently raised in the court below upon this point; when presented to us for the first time its merits will not be considered.

There is no more merit in the contention that the association had failed to require a guaranty fund for the better protection of its losses. Section 16, c. 271, p. 399, Laws 1903, requires the company to credit to such a fund all of the income received in each year remaining after the payment of all legal obligations to such company. It is obvious that the failure of the company to do so successful a business as to enable it to accumulate surplus did not affect the validity of its corporate existence. What the company should have done if there had been such a fund is not before us; for the trial court expressly found that the company had no such fund on hand which might be drawn on to meet losses of any part thereof. The policy holder was entitled to recover the full amount of his loss, only in case the company was able to pay it.

3. The defendant, as a policy holder of the plaintiff, was therefore subject to a five per cent. assessment. He declined to pay that assessment. Thereupon it became necessary to bring suit. Under the terms of the application and of the bylaws, when the association brought this suit he became liable to pay a reasonable attorney's fee. The trial court held that $25 was a proper sum for such fee. That finding is conclusive.

Judgment affirmed.