## CHARLES SUND v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

June 26, 1925.

No. 24,646.

**When statements of sick or injured person as to his symptoms and malady are admissible.**

1. Descriptive statements of a sick or injured person as to the symptoms and effects of his malady are only admissible in evidence when they have been made to a medical attendant for the purpose of medical treatment, when they relate to existing pain or other symptoms from which the patient is suffering at the time; and when the medical attendant is called upon to give an expert opinion based in part upon them.

[1]Reported in 204 N. W. 628.

**Declarations which are spontaneous manifestations of distress competent evidence.**

. 2. The declarations of a party himself to whomsoever made, are competent evidence when they are expressive of existing pain or suffering and are in the nature of spontaneous manifestations of distress, but such is not the rule as to descriptive statements of existing pain or suffering.

1. See Evidence, 22 C. J. p. 267, § 270.
2. See Evidence, 22 C. J. pp. 264, 265, § 267.

.1, 2. See note in 24 L. R. A. (N. S.) 253; 1 R. C. L. p. 492; 1 R. C. L. Supp. p. 166.

Action transferred to the district court for Dakota county. The case was tried before Schultz, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for a new trial. Reversed.

*O'Brien, Horn & Stringer,* for appellant.

*John J. Keefe* and *Thomas V. Sullivan,* for respondent.

WILSON, C. J.

Plaintiff was a locomotive engineer. He sues to recover for personal injuries arising out of the explosion of a locomotive boiler. He charges negligence. Defendant admits liability. The trial involved only the amount. Defendant's physician attended plaintiff. In preparing for trial plaintiff was examined by three physicians for the purpose of qualifying them as witnesses in his behalf on the trial. They were called and testified. The verdict was for $22,000. Defendant has appealed from an order denying its motion for a new trial.

One of the physicians, over the defendant's objection of self-serving and hearsay, gave an expert opinion based, in part, upon statements made to him by plaintiff which the witness disclosed as follows: "He (plaintiff) said that—one of his complaints was that he couldn't remember anything; that he had lost his memory, he couldn't remember people that he had known well." He complained of * * * loss of memory." He stated * * * that he was slip-

ping; also of loss of memory." "As an example of this, he told me that he could not remember people he had formerly known quite well. He couldn't remember their names and it was very embarrassing to him at times to meet people he had formerly known and continually pass them up. He also spoke of—while he was in the hospital of not remember a nurse." "He couldn't think clearly, that is what he told me."

It is the settled law in this state that mere descriptive statements of a sick or injured person as to the symptoms and effects of his malady are only admissible under the following circumstances: First, They must have been made to a medical attendant for the purpose of medical treatment. Second, they must relate to existing pain or other symptoms from which the patient is suffering at the time, and must not relate to past transactions or symptoms, however closely related to the present sickness. Third, such statements are only admissible when the medical attendant is called upon to give an expert opinion based in part upon them. Williams v. G. N. Ry. Co. 68 Minn. 55, 70 N. W. 860, 37 L. R. A. 199; Edlund v. St. P. C. Ry. Co. 78 Minn. 434, 81 N. W. 214; Firkins v. G. W. Ry. Co. 61 Minn. 31, 63 N. W. 172; St. Louis S. W. Ry. Co. v. Martin, 26 Tex. Civ. App. 231, 63 S. W. 1089.

There are three reasons why the reception of the expert opinion was erroneous: The statements were not made for the purpose of medical treatment; they did not relate exclusively to the present; the witness was not a "medical attendant."

If the witness is not to give an expert opinion, the statements are the same as if made to a layman. They are self-serving and hearsay. Not being the medical attendant, he cannot disclose the descriptive statements. In this case it has been suggested: "If the defendant desired the testimony of the doctor as to statements made to him by the plaintiff, not to be considered by the jury as a true condition of the plaintiff's physical condition, he should have asked for such an instruction, since it was proper to receive such statements made by the plaintiff to his doctor as showing the basis upon which the doctor based his opinion as to the plaintiff's mental condition." But the witness was not "his doctor." The suggestion

that the testimony was properly in the case for the limited purpose is untenable, and therefore cannot be within the doctrine of State Bank of Winsted v. Strandberg, 148 Minn. 108, 180 N. W. 1006. To permit a physician to give his opinion based upon the record in this case would be to have an expert opinion based upon supposed facts resting only on hearsay and not supported by an oath. The exception to the general rule was in recognition of a strong probability that a person who made statements to his medical attendant for the purpose of treatment would tell the truth as to his existing pain and suffering. Under such circumstances there is a strong inducement for the patient to speak truly of his malady, while it may be otherwise when medically examined for the purpose of creating evidence in his own behalf. Hence the statements expressive of present conditions are permitted to be given as evidence only when made to a physician for the purpose of treatment by him.

In this case the plaintiff did not testify to the truthfulness of the statements made to the doctor. There was evidence from the witness Bertelson that plaintiff suffered loss of memory. But in Davidson v. Cornell, 132 N. Y. 228, 30 N. E. 573, the reception of such evidence was held error, which was not cured even though the plaintiff actually testified that the statements made to the physician were true. It has been long established that the physician can only give in evidence the declarations of the patient as to "a present existing pain or malady." Insurance Co. v. Mosley, 8 Wall. 397, 19 L. ed. 437. Otherwise it is mere hearsay. Holloway v. Kansas City, 184 Mo. 19, 39, 82 S. W. 89; Gibler v. Q. O. & K. C. Ry. Co. 129 Mo. App. 93, 103, 107 S. W. 1021. The declarations of a party himself, to whomsoever made, are competent evidence when they are expressive of existing pain or suffering. Dun. Dig. § 3292; N. P. Ry. Co. v. Urlin, 158 U. S. 271, 275, 15 Sup. Ct. 840, 39 L. ed. 977. Such are regarded as exclamations or complaints which are the spontaneous manifestations of distress. But descriptive statements of existing pain or suffering are only admissible when made to a medical attendant for the purposes of medical treatment. These

descriptive statements not coming within the exception were self-serving as well as hearsay.

Reversed.


HOLT, J. absent, illness.
STONE, J., took no part.