## WILLIAM TURNER v. JOHN C. WITTE AND ANOTHER.[1]

February 11, 1927.

No. 25,788.

**Jury's verdict not induced by passion or prejudice.**

1.   Upon the record this court cannot hold the verdict so excessive that passion and prejudice must have actuated the jury.

**Assignment of error unavailing.**

2.   Where the settled case shows no misconduct, an assignment of error on the ground of misconduct based on affidavit is unavailing.

Appeal and Error, 4 C. J. p. 530 n. 67; p. 558 n. 54; p. 872 n. 19.

See note in 6 L. R. A. (N. S.) 928; L. R. A. 1917A, 1163; 23 R. C. L. 1337; 4 R. C. L. Supp. 1521.

Defendant Witte Transfer Company appealed from an order of the district court for Ramsey county, McNally, J., denying its motion for a new trial. Affirmed.

*Denegre, McDermott & Stearns,* for appellant.

*Thomson & Williams,* for respondent.

HOLT, J.

Appeal from the order denying defendant a new trial.

The action was for damages to person and property because of a collision between a truck owned and operated by plaintiff and defendant's truck operated by a servant, alleged to have been caused by the latter's negligent disregard of a stop-and-go signal at the intersection of Lexington and University avenues in the city of St. Paul.

Plaintiff had a verdict of $3,500, and the only assignment of error which raises any question on this appeal is that the verdict is "excessive and appears to have been given under the influence of passion and prejudice." The jury could well have found the property

[1] Reported in 212 N. W. 200.

damage between $400 and $600 and loss of earnings in excess of $600. So that the personal injuries must have been fixed by the jury at between $2,000 and $2,500. There were some visible contusions and bruises from the collision. These have disappeared. Plaintiff was kept in bed and under a doctor's care for three weeks and could not attempt to work until three months after the injury. At the trial, a year after the accident, he still complained of pain and inability to do continuous hard work. The only medical witness was the doctor who attended him when he first got hurt and who had seen him several times since he could begin to do some work. The doctor's testimony is quite positive that a serious permanent injury was caused to plaintiff's back involving the sacro-iliac joint, so that ordinary work, if carried on for the usual working day, brings on recurrence of the pain and partial to total incapacity. With this situation confronting a person who must earn a living by hard toil, it cannot be said that the jury overestimated the damages suffered.

There is an attempt to assign error upon the misconduct of counsel in the trial, but the settled case contains no suggestion of misconduct. It is sought by affidavits used on the motion for a new trial to show wherein the misconduct consisted. This raises no question for decision in this court. Ham v. Wheaton, 61 Minn. 212, 63 N. W. 495; Edlund v. St. Paul City Ry. Co. 78 Minn. 434, 81 N. W. 214.

The order is affirmed.