[1] Reported in 226 N.W. 404.
Plaintiffs appealed from an order denying their motion for a new trial. *Page 142 
The action involved the validity of the will of Sarah Begley. A jury rendered a special verdict finding that she had mental capacity to make the will. The trial was lengthy. The claim is that the case was given to the jury December 4, 1928, at 2:35 p. m. and that it deliberated until December 5, 1928, at 10:45 a. m. when at its request it was brought into court and this occurred:
Foreman: "We cannot agree.
The Court: "You have not been out there long enough.
Foreman: "I wanted to know if you had any remarks to make to me.
The Court: "I haven't anything — I can read what I read to the other jury if you want me to — Do you suppose if you stayed out until tomorrow at this time you could agree?
Foreman: "We might sometime.
The Court: "Then you better go out a while longer."
The jury retired and 50 minutes later returned their verdict. The claim is that the verdict was coerced by the court — at least that the conduct of the court was likely or calculated to influence the verdict.
This proceeding took place during the trial of the case. A case is on trial from the time it is called for trial until the jury is discharged. The giving of an erroneous instruction to the jury is an error at the trial. It follows that the proceeding above set forth was a part of the trial. Assuming, if we may, that the proceeding was erroneous, it follows that it would be ground for a new trial as "errors of law occurring at the trial" under G. S. 1923 (2 Mason, 1927) § 9325(6).
G. S. 1923 (2 Mason, 1927) § 9325(1), makes "irregularity in the proceedings of the court" a ground for a new trial. This appeal is prosecuted upon the theory that such an irregularity is here involved. We think not. An irregularity is not a wrong adjudication, and therein is its distinction from error. Irregularity as used in the statute is a want of adherence to some prescribed rule or method of proceeding. It is a failure to conform to the practice of the court. It may be an act or an omission. It may consist of the *Page 143 
personal misconduct of the judge. In any event irregularities embrace only other prejudicial occurrences not amounting to rulings on matters of law. Error in the charge cannot be reviewed as an irregularity. Valerius v. Richard, 57 Minn. 443,59 N.W. 534; 5 Dunnell, Minn. Dig. (2 ed.) § 7097.
The question therefore sought to be reviewed relates to an error of law occurring at the trial. It may be reviewed only under G. S. 1923 (2 Mason, 1927) § 9325(6); 5 Dunnell, Minn. Dig. (2 ed.) § 7162. The fact that the proceedings occurred is not to be shown by affidavit as here attempted. Edlund v. St. Paul City Ry. Co. 78 Minn. 434, 81 N.W. 214; Turner v. Witte,170 Minn. 248, 212 N.W. 200; Smith v. Kingman Co. 70 Minn. 453,73 N.W. 253. It must be established by a settled case or bill of exceptions. Olesen v. Noren, 161 Minn. 113,201 N.W. 296. Either is authenticated by the trial judge. Though the court reporter may enter the proceedings in his notes at the time of the occurrence, yet it is not a matter of record until the case or bill of exceptions is allowed. There can be no substitute for the settled case or bill of exceptions, one of which is essential to secure a review of an error of law occurring at the trial. When the appeal is from an order denying a motion for a new trial for errors of law on the trial, there must be a case or bill of exceptions. We have neither in this case. 1 Dunnell, Minn. Dig. (2 ed.) §§ 344, 344a, 345, 347, 1367-1369; 6 Dunnell, Minn. Dig. (2 ed.) § 9800.
Appeal dismissed. *Page 144