## HAROLD V. GUILE v. FLORENCE GREENBERG.[1]

July 10, 1936.

No. 30,797.

See 192 Minn. 548, 257 N. W. 649.

*Bowen, Best, Flanagan & Rogers* and *R. D. Richter*, for appellant.
*Sexton, Mordaunt, Kennedy & Carroll*, for respondent.

LORING, JUSTICE.

This is an appeal by the plaintiff from an order denying his motion for a new trial after a jury had rendered a verdict in favor of the defendant. The opinion on a former appeal is reported in 192 Minn. 548, 257 N. W. 649.

[1]Reported in 268 N. W. 418.

636

Plaintiff, after repairing a signal device on the left front of the cab, while endeavoring to climb from the left front fender to the right front fender and running board of a moving money truck in order to gain admittance to the right door of the cab of the truck, was injured when the truck collided with the car of defendant, which was pulling away from the curb. For a more complete statement of facts see the opinion cited above.

On this appeal plaintiff assigns error to portions of the charge.

■ When this case was here before we held that plaintiff's negligence, if any, in being where he was on the front of the truck was, as a matter of law, not contributory because of lack of causal connection with the collision. A strict application of the law of the case would bring the same result on this appeal because, though more in detail, the evidence is substantially the same. We think, however, that on the former appeal we did not give sufficient consideration to the effect plaintiff's position and movements may have had on observation by the driver and his management of the truck. There must be a new trial on other grounds, but as the record now appears we are of the opinion that whether plaintiff's negligence, if any, had any causal connection with the collision was properly a question for the jury. The trial court so correctly viewed it.

■ The court did not submit for the jury's determination the issue of whether the driver's negligence was imputable to plaintiff but charged the jury:

"If, on the other hand, you should find that Bennett was guilty of negligence, and that his negligence was a contributing cause toward the happening of the accident, then you would find Guile guilty of negligence, for, under the evidence in this case, it appears that Bennett was operating this truck under the direction and control of Guile, who was the messenger in charge of the crew, and in that event—that is, in the event you find Bennett was guilty of negligence, and that his negligence contributed as a cause—then Guile could not recover in this case."

Thus the charge imputed to plaintiff, as a matter of law, the negligence, if any, of Bennett.

On the first trial there was evidence that Guile was in charge of the truck and crew. He so testified. Bennett stated that Guile was in charge of the truck and men and that they took instructions from him and were subject to his direction. Johnson, the third member of the crew, stated that he took orders from Guile. On the second trial the testimony on that point was more detailed, and the character of Guile's authority was more specifically shown, but there is no substantial difference in the proof of its general character.

That Bennett was under the direct control of Guile was proved quite conclusively. Guile was in charge. He placed the crew at stations both in the truck when it was moving and when it stopped to make pickups. He directed Bennett when and where to stop and the routes which should be followed. The crew, however, was to adhere strictly to a time schedule prepared by the employer and was obliged to move on heavily traveled streets.

When the truck started from the Grand Avenue State Bank plaintiff had given the signal to start by a movement of his head. Apparently the trial court considered the undisputed evidence of plaintiff's general control of the driver as conclusively determining his liability for the driver's negligence. Although plaintiff's general control of the driver was a very material element in determining whether plaintiff was guilty of negligence, it was not conclusive that he was chargeable with Bennett's negligence. In order to charge plaintiff with the negligence of Bennett it must be shown that the particular act alleged to have been negligent was under the plaintiff's control and that under the circumstances he was so situated that he could and should have controlled it. Only in that sense was Bennett's negligence imputable or, more properly speaking, chargeable to plaintiff.

In Handley v. Lombardi, 122 Cal. App. 22, 28, 9 P. (2d) 867, 869, a case very similar to this, the court, in a very carefully reasoned opinion, said:

"That plaintiff, as Kruse's [the employer's] superintendent, had the power to direct and control the driver of the truck is the only

fair conclusion from his own testimony. This being so, appellant proposed certain instructions directing the jury that if the driver of the truck was guilty of any negligence which proximately contributed to the collision, such negligence must be imputed as a matter of law to plaintiff. The refusal of such instructions is claimed to be error.

"Plaintiff was not the master or principal of the driver of the truck, but only an intermediate and superior employee or agent. This being so, the doctrine of *respondeat superior* or *qui facit per alium* is not properly applicable to him. His power to direct and control the driver was not as master, but only by virtue of the fact that they were both employed by Kruse, and the further fact that as Kruse's agent he was delegated Kruse's authority over the driver. * * *

"In the case of actionable negligence, the rule is well settled both in this state and elsewhere that the negligence of a subordinate employee or subagent is not to be imputed to a superior employee or agent, but only to the master or principal. (Citing cases.) We can see no logical reason for drawing any distinction in this regard between actionable negligence and contributory negligence. The fact that plaintiff had the power of control over the driver was certainly a factor to be considered with all other circumstances in determining whether he himself was personally negligent; and the jury might well find that one who had the power to control the driver would be guilty of negligence where in the same circumstances one who had no such power would not. But that is a very different matter from saying that the driver's negligence is to be imputed to the plaintiff. If any regard is to be had to making a symmetrical pattern of the law, it will not do to say that a superior employee is not to be held liable for his subordinate's negligence where a liability is sought to be imposed upon him by a third person, but is to be held liable for the subordinate's negligence where he seeks to impose a liability upon the third person. * * *

"The driver of the truck was not plaintiff's employee but Kruse's; he was not engaged in plaintiff's business but Kruse's; he was only subject to plaintiff's direction and control because plaintiff was

there acting for and in the place of Kruse, and certainly while the driver was acting in the scope of his employment as Kruse's employee, in no true sense can it be said that he was acting in the scope of his employment by plaintiff, since he was not in any proper sense employed by plaintiff."

See also Restatement, Torts (Tent. Draft No. 10) §§ 21, 31; also Restatement, Torts, §§ 485, 495.

The cab of the truck in which Bennett was riding was encased in bullet-proof glass, and the exhaust of the truck was making considerable noise. Guile thought he might have been able to stop the truck if he "had hollered loud enough." While moving in the direction of the right side of the truck both his hands were occupied in steadying himself. Whether he might have raised one of his hands in a signal to stop without increasing the hazard of his position on the front of the truck is a question for the triers of fact. Bringing the truck to a stop might not have been the solution of the problem confronting the driver. It might well be that some other maneuver was the proper one to avoid contact with the Greenberg car. The jury might, under the evidence, have found that Bennett's acts did or did not contribute proximately to the cause of the accident. If it found that they did so contribute, then plaintiff was entitled to have the jury decide whether he had ability and opportunity to control them. That he had the authority, as distinguished from physical ability, to do so is clear. The question should have been submitted to the jury.

■ The matter of workmen's compensation should be treated as suggested in our first opinion.

The order is reversed and a new trial granted.