FRANK J. FALTICO v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

September 11, 1936.

No. 30,834.

[1]Reported in 268 N. W. 857.

*Ralph T. Boardman* and *John F. Dulebohn,* for appellant.
*Fred O. Dressel* and *A. A. Tenner,* for respondent.

LORING, JUSTICE.

After an adverse verdict, defendant appeals from the order denying its alternative motion for judgment notwithstanding or a new trial.

The action is to recover for personal injuries received in a collision between an automobile in which plaintiff was riding and one of defendant's streetcars. Injuries to certain cervical vertebrae are alleged. Plaintiff, a radio repairman, was unable to work for about a month after the accident. No loss of earning power is shown by the record. The $5,000 verdict can only be explained by the jury's acceptance of testimony on behalf of plaintiff tending to show that his injuries were of a continuing or permanent nature and the cause of considerable pain and suffering.

Among other things, defendant assigns as error the admission over objection of the testimony of Dr. Undine, one of the principal medical witnesses for plaintiff. He testified that he had examined plaintiff two weeks before the trial. He prescribed no treatment. His opinion that there was a nerve pressure resulting from the injured vertebrae, which caused severe pain, a distortion of the neck, and chronic inflammation of certain tissue, which would become progressively worse, was based in part upon the history of the case given him by plaintiff at the time of the examination.

No cases bearing on the point have been cited by counsel. But the well founded and long established rule is thus stated in an annotation in 65 A. L. R. 1217, 1219:

"The opinion of a physician or surgeon as to the condition of an injured or diseased person, based wholly or in part on the history of the case, as told to him by the latter on a personal examination, is inadmissible where the examination was made for the purpose of qualifying the physician or surgeon to testify as a medical expert."

The reasons for that rule are well set out in Sund v. C. R. I. & P. Ry. Co. 164 Minn. 24, 204 N. W. 628. They need not be repeated here. In the case at bar it appears that plaintiff's counsel took plaintiff to Dr. Undine. The only possible inference to be drawn from the testimony is that the doctor was consulted for the purpose of qualifying him as a witness. The accident occurred in November, 1931. Plaintiff was examined and treated several times by another doctor shortly thereafter. The case came on for trial February 11, 1935. Dr. Undine's first examination antedated the trial by but two weeks. The doctor prescribed no treatment. Under the circumstances, we are of the opinion that the reception of the expert opinion, based in part upon the history of the case as related by plaintiff to Dr. Undine, was error for the reasons set out in Sund v. C. R. I. & P. Ry. Co. 164 Minn. 24, 204 N. W. 628. See also 22 C. J. p. 670, § 761, and the cases cited in notes 7 and 23 thereto.

The danger of accepting such testimony is emphasized by the instant case. Plaintiff, between the time of this accident and his examination by Dr. Undine, had been injured in another automobile accident, and, having started suit to recover for those injuries, apparently dropped the prosecution of that case.

We think that the negligence, if any, of the driver of the car in which plaintiff was riding was not imputable as a matter of law to the plaintiff. The court charged that if the jury found that the driver was acting under the "general direction and control" of plaintiff, then his negligence would be chargeable to plaintiff. Where, as here, the driver was taking plaintiff in the former's car from place to place at plaintiff's request as an accommodation to the latter, a finding that the management of the car was under plaintiff's control could hardly be sustained. The relationship was hardly that of principal and agent or master and servant. The test would

be whether the relationship was such as to make plaintiff liable to third persons for the driver's negligence. Guile v. Greenberg, 197 Minn. 635, 268 N. W. 418; 2 Restatement, Torts, § 485, Tentative Draft No. 10, § 21. But the answer to the test depends upon the relationship existing between the driver and plaintiff. It appears to us that the record is conclusive that here there was no common enterprise and that plaintiff was a mere guest, or gratuitous passenger, without any control over the manner of driving the car other than to suggest the next destination. That is insufficient to charge him with the driver's negligence. Little v. Hackett, 116 U. S. 366, 379, 380, 6 S. Ct. 391, 29 L. ed. 652. Had he made suggestions as to management, the driver might reasonably have been expected to terminate the relationship. This matter is considered in its various aspects in 2 Restatement, Torts, §§ 489, 495. Aside from the situations treated in § 495, there must be more than the relation of guest and host in order to charge the passenger with imputed negligence. There must be what amounts to the relation of principal and agent. Cram v. City of Des Moines, 185 Iowa, 1292, 172 N. W. 23, 26.

Other assignments are not of sufficient importance to require discussion. There can be no serious claim that the evidence does not sustain the verdict on the question of liability. For the reasons above stated, the order under review must be reversed and a new trial granted on the issue of damages.

So ordered.