# ROBERT STRAND v. ARTHUR BOEHLAND.[1]

May 20, 1938.

No. 31,637.

*John E. Regan,* for appellant.
*Schmitt, Johnson & Farrish,* for respondent.

PER CURIAM.

Plaintiff, while on a motorcycle riding north on the paved trunk highway between Mankato and St. Peter, and defendant, while driving south on the same highway in his automobile, had a collision. Defendant turned to the left across plaintiff's course into a side road. This action is to recover damages for personal injuries and damage to the motorcycle.

■ Plaintiff urges that he is entitled to judgment here as a matter of law under the rule of Jovaag v. O'Donnell, 189 Minn. 315, 249

[1]Reported in 279 N. W. 746.

N. W. 676, upon the grounds that defendant turned suddenly and abruptly across his course. There was no motion for a directed verdict or for judgment *non obstante*. The question not having been raised below, it cannot be raised for the first time on appeal.

■ The principal error assigned is that the court erred in giving a certain instruction relative to rate of speed, under which the jury might have found plaintiff guilty of contributory negligence. A conference was had between the trial court and counsel before the instructions were given. Counsel for defendant submitted written requests for five instructions, each embodying provisions of a statute. Before the court instructed the jury plaintiff took exception "to the court's granting of defendant's requested instructions, upon the ground there is no evidence in the case upon which they could be based." Exception was not taken to any particular requested instruction. The exception was a blanket one to all requested instructions. Admittedly, at least four of the requests were proper. The contest in this court is on one of the five requests. In the motion for new trial none of the instructions are specifically assigned as error. One of the grounds for new trial was "errors of law occurring at the trial and duly excepted to at the time." Giving an erroneous instruction is an error of law occurring at the trial. In re Estate of Begley, 178 Minn. 141, 226 N. W. 404. Errors of law must be excepted to at the trial or "clearly" specified as error in the notice of motion for new trial. 2 Mason Minn. St. 1927, § 9327. If an exception to the charge does not specify the error complained of, it may be assigned in the motion for new trial if the error is clearly specified. Where the exception taken at the trial does not distinctly specify the errors in the instructions, a motion for new trial based on erroneous instructions should "clearly specify the alleged error" in the notice of motion for new trial. § 9327. The motion for new trial is based upon the exception taken at the trial. An exception should be taken separately to each proposition challenged and should definitely and distinctly specify the claimed error. Where the exception embraces several portions of the charge dealing with distinct propositions, some of which are correct, it is too gen-

eral. Vietor v. Costello, 203 Minn. 41, 279 N. W. 743; State v. Shtemme, 133 Minn. 184, 158 N. W. 48; Linderoth v. Kieffer, 162 Minn. 440, 203 N. W. 415. Such a general assignment in the notice of motion for new trial may not be divided into distinct and separate points of alleged error by the assignments of error in this court. The exceptions must be full and complete when taken in the trial court, or clearly specified in the notice of motion for new trial, and cannot be enlarged on appeal. Murphy v. Collins, 155 Minn. 290, 193 N. W. 468.

We have considered the other assignments and find them without merit.

Affirmed.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.