ROY W. HAMMOND v. FLOUR CITY COAL AND OIL
COMPANY AND ANOTHER.[1]

May 19, 1944.

No. 33,705.

*Levine & Levine,* for appellant.
*W. L. Sholes,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Action to enjoin foreclosure of a second mortgage on certain real estate in Hennepin county and to have the assignment of the mortgage to defendant Flour City Coal and Oil Company adjudged null and void. (John P. Wall as sheriff is joined as a defendant in such capacity, but for our purposes we shall refer to the company as the only defendant.) The answer alleged that prior to the com-

[1]Reported in 14 N. W. (2d) 452.

mencement of the action plaintiff had sold and conveyed the premises covered by the mortgage and had no interest therein, and otherwise joined in issue the allegations of the complaint.

After trial by the court, findings and conclusions were made by Judge Mathias Baldwin on May 25, 1942, in favor of defendant, in effect determining that the mortgage assignment was in all respects valid; that plaintiff had no interest in the premises covered thereby; and that defendant was entitled to judgment on the merits dismissing the action.

On May 27, 1942, written notice of said findings and conclusions was served upon plaintiff's attorneys. On June 24, 1942, Judge Baldwin denied plaintiff's motion for amended findings or a new trial and entered a stay of 40 days. Written notice of the latter order was served upon plaintiff's attorneys on June 27, 1942. On October 1, 1942, Judge Baldwin died. No further proceedings were taken by either party until March 30, 1943, at which time judgment was entered pursuant to the original order therefor.

On September 21, 1943, plaintiff served notice of appeal from the judgment. The following day he served on defendant notice of motion for an order allowing a settled case, but there were no specifications therein as to what the settled case should contain. This motion was made approximately 14 months after the statutory period for settling the case had expired. On September 27, 1943, defendant appeared specially to object to the jurisdiction of the court in settling the so-called case. The motions were submitted to Judge William A. Anderson, successor in office to Judge Baldwin. Two *ex parte* orders were procured from Judge Anderson by plaintiff's counsel which purported to extend the time for settling the case until October 30, 1943, pending the decision on plaintiff's motion then before the court. As Judge Anderson subsequently stated, the extension orders were made without notice, contrary to Minn. St. 1941, § 545.03 (Mason St. 1927, § 9248), which provides that no second stay shall be granted without notice to, or consent of, the adverse party. On October 19, 1943, Judge Anderson filed his order denying plaintiff's motion for a settled case. At the same

time he vacated the two prior orders extending the time for settling the case to October 30, 1943. In a memorandum attached to his order, Judge Anderson held plaintiff guilty of inexcusable neglect and delay in not submitting the case for settlement in accordance with the statutory requirements, indicating that plaintiff should have submitted the case for settlement prior to Judge Baldwin's death, or thereafter to his successor, for such purpose, as provided in *Id.* § 547.06 (§ 9330).

Thereafter, on plaintiff's petition, this court issued its alternative writ of *mandamus* commanding Judge Anderson to settle the case or show cause here why he had not done so. In his return, Judge Anderson set forth the facts as herein outlined, and upon the hearing before this court the writ was discharged. (Roy W. Hammond v. Flour City Coal and Oil Company, a corporation, et al., Case No. 33,718.)

Thereupon plaintiff, on November 9, 1943, served notice of motion for an order approving as true and correct a transcript of the testimony taken at the trial by Judge Baldwin's official court reporter. On November 10, 1943, defendant appeared specially and objected to the jurisdiction of the court therein. Upon hearing, Judge Winfield W. Bardwell granted plaintiff's motion and made an order certifying as true and correct the aforesaid transcript consisting of 38 typewritten pages. Thereafter plaintiff caused the same to be printed in the record here, together with the findings, conclusions, and order for judgment; plaintiff's motion for amended findings or a new trial; the order denying the same; the judgment and decree; notice of appeal; notice of motion; and order of Judge Bardwell certifying to the truth and correctness of the typewritten transcript of testimony. Plaintiff designated the portions of the record thus printed as the "Settled Case." Defendant thereupon moved this court to strike plaintiff's so-called settled case and assignments of error and to dismiss the appeal for want of merit.

■ The law is well settled that on appeal from a judgment without a case or bill of exceptions this court can consider only questions appearing on the judgment roll. In re Estate of Shell, 165

Minn. 349, 206 N. W. 457. It has frequently been held that no question as to the sufficiency of the evidence to sustain a finding can be raised without a case or bill of exceptions. Fish v. Frink, 152 Minn. 552, 188 N. W. 571; Farmers U. T. Mut. Hail Assn. v. Dally, 98 Minn. 13, 107 N. W. 555. Likewise, on appeal from a judgment, where error is assigned in granting or denying an application for additional or amended findings, there must be a settled case containing all the evidence. In this connection it has been held that a transcript of the stenographer's notes cannot take the place of a settled case or bill of exceptions. Thompson v. Lamb, 33 Minn. 196, 22 N. W. 443; Palmer Fruit Co. v. Palmer, 158 Minn. 531, 197 N. W. 283; In re Estate of Begley, 178 Minn. 141, 226 N. W. 404.

Most of the assignments of error here in substance relate to the failure of the evidence to sustain the court's findings of fact. As indicated, in the absence of a settled case, such assignments cannot be considered on appeal, and hence we have for review only the sufficiency of the findings to support the conclusions of law and judgment. County of St. Louis v. Magie, 198 Minn. 127, p. 129, 269 N. W. 105, pp. 106, 107.

■ The conclusions of law and judgment ordered dismissal of plaintiff's action on the merits. The findings included the following:

"IV

"That on the 25th day of November, 1934, said mortgagee, C. F. Hammond, for a valuable consideration assigned the said second mortgage and the indebtedness secured thereby to the defendant, Flour City Coal and Oil Company; that the Flour City Coal and Oil Company has at all times remained the assignee of said assignment and caused the said assignment to be recorded on the 23rd day of July, 1941, in the office of the Register of Deeds within and for Hennepin County, state of Minnesota, in Book 2104 of Mortgage Records, page 89.

\* \* \* \* \*

"VI

"That subsequent to the assignment of said mortgage \* \* \*

plaintiff recognized the validity of said assignment, acted in accordance therewith * * *.

"VII

"That no part of the indebtedness of $2,000.00 secured by the said second mortgage * * * nor interest accruing thereon has been paid.

"VIII

"That on the second day of September, 1941, Flour City Coal and Oil Company gave due notice of mortgage foreclosure sale by advertisement to foreclose the mortgage heretofore described to pay the debt then secured by said mortgage; that said sale under said foreclosure was held pursuant to said notice on the 28th day of October, 1941, at which time the property was sold under foreclosure.

* * * * *

"X

"That at the date of the commencement of said foreclosure proceedings, and at all times thereafter, defendant, Flour City Coal and Oil Company, has had such an interest in the said mortgage and the assignment thereof as to justify its foreclosure by the defendant."

It is clear that these findings are amply sufficient to sustain the trial court's conclusions as well as the judgment appealed from dismissing plaintiff's action to enjoin foreclosure of said mortgage and to have the assignment thereof adjudged null and void.

Affirmed.