STATE v. JAMES FOSTER.[1]

November 29, 1918.

No. 20,920.

**Bastard — new trial — newly discovered evidence.**
>    It is *held*, in a bastardy proceeding, that the findings of the trial court
> are sustained by the evidence, and that there was no error in the denial
> of a new trial on the ground of newly discovered evidence.

Proceeding in the district court for Brown county to charge defendant
with being the father of a bastard child. The matter was tried before
Olsen, J., who made findings and ordered judgment that defendant pay
for the support of the child and give bond for the performance of the
judgment. From an order denying his motion for judgment in his fa-
vor or for a new trial, defendant appealed. Affirmed.

*Albert Hauser,* for appellant.

*Somsen & Dempsey* and *A. Frederickson,* County Attorney, for respon-
dent.

BROWN, C. J.

Bastardy proceedings in which the state had judgment, and defendant
appealed from an order denying a new trial.

1. The trial below was by the court without a jury, and defendant's
first contention in support of the appeal is that the findings of the trial
court are not sustained by the evidence. We have examined the record
with care and are unable to concur in that view of the case. A discus-
sion of the evidence would serve no useful purpose. It is sufficient to say
that we have given it due consideration, in connection with the brief and
argument of defendant, with the result stated. We are unable to say
that it is clearly or manifestly against the findings. The most that can
be said of the evidence is that it is sharply conflicting, presenting a

[1]Reported in 169 N. W. 529.

question peculiarly for the trial court. The court adopted the testimony of complainant and those called in support of the state's case, and we discover no sufficient reason for disapproving that conclusion.

2. It is also contended that the trial court erred in not granting a new trial on the ground of newly discovered evidence. The new evidence was cumulative, and of the same tenor and effect as that given on the trial in support of the defense, and was flatly denied by the affidavit of complainant. There was no reversible error in the refusal of the motion on this ground. The question was addressed to the discretion of the court in the exercise of which we find no error.

3. It is also claimed that the judgment awarded against defendant is in conflict with chapter 210, p. 296, Laws 1917, in that the judgment requires defendant to give security for the payment of the same, in default of which that he be committed to jail, when under chapter 210 the defendant can in such case be imprisoned only for a default in the payments required by the judgment. This proceeding was commenced long before the passage of that statute, and we do not stop to consider whether it properly should control the form of judgment to be rendered therein. The point was not called to the attention of the court below, and we pass it without further remark, except to say that the cause will be remanded without prejudice to the right of defendant to there apply for a modification of the judgment if he shall be so advised.

Affirmed and remanded accordingly.