# STATE v. ARTHUR DEIKE.[1]

January 16, 1920.

No. 21,567.

**Bastard — verdict sustained.**

1. In an action to determine the paternity of an illegitimate child the evidence is *held* to sustain the verdict.

**Corroboration of mother's testimony unnecessary.**

2. Evidence in corroboration of the mother on the question of paternity in such cases is not necessary.

Action in the municipal court of Redwood Falls to determine the paternity of an illegitimate child. The case was tried before Converse, J., judge of the First judicial district sitting in place of the judge of the Ninth judicial district, by order of the Governor of the state, and a jury which found defendant guilty as charged in the complaint. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*A. R. A. Laudon, John A. Dalzell* and *Arthur L. H. Street,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General and *Albert H. Enersen,* County Attorney, for respondent.

BROWN, C. J.

The sole question involved in this appeal is whether the verdict is so clearly and manifestly against the evidence as to call for interference by this court. We answer it in the negative.

The issue in the case, the paternity of complainant's illegitimate child, was closely contested on the trial below, and the cause is presented in this court by counsel for defendant with much earnestness and eloquence, and in the evident good-faith belief in his innocence. But neither eloquence nor earnestness of counsel can be permitted to supplant the cold fact, disclosed by the record, that complainant gave direct and positive evi-

[1]Reported in 175 N. W. 1000.

dence of the guilt of defendant, which if believed by the jury and trial court was sufficient without corroboration to justify the verdict of guilty. While it is true that defendant explicitly disputed the evidence of complainant, and presented other evidence by way of an alibi, yet the evidence as a whole presented a question of veracity between complainant and defendant, presenting an issue of fact for the jury.  State v. Foster, 141 Minn. 140, 169 N. W. 529.

So far as the record discloses the trial was eminently a fair one, and the criticisms of counsel, aimed at the memorandum of the trial judge appended to the order denying a new trial, are without substantial support.

Order affirmed.