## STATE v. JAMES B. COTTER.[1]

May 7, 1926.

No. 25,276.

**Bastard—Credibility of mother as affected by reputation for chastity.**

Upon examination of the record in a trial in bastardy proceedings it is *held* that:

(1) The accused may be convicted upon the sole testimony of the mother.

The evidence was sufficient to support the verdict.

(2) The general reputation of the mother as to chastity and morality is inadmissible as affecting her credibility.

The defendant may prove that the prosecutrix had had sexual intercourse with persons other than the accused to determine the paternity of the child.

[1]Reported in 209 N. W. 4.

(3)   The record fails to support an assignment of error of misconduct of counsel in his argument to the jury.

(4)   The instruction of the trial court to the jury is approved.

Bastards, 7 C. J. p. 967 n. 56; p. 989 n. 87; p. 990 n. 5, 6; p. 994 n. 54; p. 995 n. 58; p. 1009 n. 81.

Witnesses, 40 Cyc. p. 2605 n. 55.

See notes in 14 L. R. A. (N. S.) 733; L. R. A. 1916B, 969.

Defendant was charged with the paternity of an illegitimate child and after preliminary hearing in the municipal court of Minneapolis was tried in the district court for Hennepin county before Montgomery, J., and a jury and found guilty as charged. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*McDonald, Johnson & Collins,* for appellant.

*Floyd B. Olson,* County Attorney, and *A. C. Lindholm,* Assistant County Attorney, for respondent.

WILSON, C. J.

Defendant appealed from an order denying his motion for a new trial after he had been convicted in bastardy proceedings.

1.   The evidence is sharply conflicting, presenting a question of fact. It has been determined adversely to appellant. The trial court has approved that finding. Aside from the fact that the complaining witness has a child there is little to corroborate her claims, but there is no rule of law requiring corroboration in order to permit the jury to accept her statements as legally sufficient to justify a conviction. In the absence of a statute requiring corroboration the jury may find the accused guilty on the sole testimony of the mother provided they believe her testimony to be credible. The evidence is sufficient to support the verdict.

2.   The trial court excluded proof as to the general reputation of the complaining witness as to chastity and morality. This ruling was correct. Doubtless it is permissible for a defendant in such proceedings to prove that the prosecutrix had had sexual intercourse with persons other than the accused so as to determine the paternity

of her child. But this calls for specific proof. It does not permit the proof of a general reputation as to chastity and morality as bearing upon her credibility. Such general reputation is immaterial because the fact of unchastity is confessed by the complaint she makes and her reputation has no tendency to prove that the accused is not the father of the child. The object of the proceedings is to obtain support and parental responsibility for an illegitimate child. Obviously it is wholly immaterial whether the mother was chaste or unchaste. The benefit to be obtained is for the child and perhaps for the public and the statute was never intended to protect only the children of women of previously chaste character. Some courts admit such evidence as bearing upon the credibility of the mother, but we are of the opinion that the better rule is to the contrary. State v. McPadden, 150 Minn. 62, 184 N. W. 568; State v. Perry, 151 Minn. 217, 186 N. W. 310. Such evidence is not admissible as affecting the credibility of a female witness. Offers to prove that the prosecutrix had been guilty of misconduct which, if true, were not material, were properly excluded. They were not of such character as to amount to proof of sexual intercourse with other men.

3. It is claimed that the county attorney was guilty of misconduct in the use of language in his argument to the jury. However, the record does not establish what, if anything, was said, hence this assignment fails for want of a proper supporting record. State v. Peterson, supra, page 216.

4. The trial court in the charge to the jury stated the purpose of the statute in reference to care, support and education of illegitimate children and added "and also to secure from the fathers of such children repayment of public moneys necessarily expended in connection with their birth." This is assigned as error. It was given by the court as a part of his explanation of the character of the law under which the proceedings were being had. The statement in no way interfered with the other very definite statements in the charge as to what the duty of the jury was. The statement was correct. It cannot successfully be made the basis of error.

Affirmed.