## BENJAMIN KATZENMEYER v. C. A. KUSKE.[1]

July 2, 1926.

No. 25,260.

**When prior contract for sale of car delivered may be put in evidence by buyer of another car.**

1. In an action to recover the purchase price of an automobile claiming that the car delivered was not what he purchased, plaintiff may put in evidence defendant's prior contract of sale of the same car to another person to show the history of the car and to prove that it was not what he bought. The condition of the car would have a bearing upon the probability of plaintiff agreeing to pay the price involved for the particular car.

[1]Reported in 209 N. W. 867.

**When defendant becomes responsible for exhibit introduced by plaintiff.**

2. Such an exhibit being material cannot be excluded because its contents may be prejudicial. When the plaintiff asks to withdraw an exhibit before the jury knows its contents on the ground that it "might be prejudicial" and defendant objects to the withdrawal, he thereby becomes responsible for its presence in the evidence.

**Further evidence concerning exhibit within discretion of court.**

3. Thereafter defendant's right to introduce evidence to destroy its prejudicial character rested in the discretion of the trial court.

**Assignment of error not supported by record.**

4. An assignment of improper remarks by counsel in his argument to the jury fails when the record does not show what was said and an exception thereto.

Appeal and Error, 4 C. J. p. 530 n. 68; p. 531 n. 71; p. 705 n. 83
Evidence, 22 C. J. p. 193 n. 86.
Sales, 35 Cyc. p. 569 n. 33 New.
Trial, 38 Cyc. p. 1400 n. 98.

See 2 R. C. L. 139.

Action in the district court for Renville county to recover the purchase price paid by the plaintiff to the defendant for an automobile upon the ground that the one delivered was not the one purchased. The case was tried before Baker, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Lindquist & Nordstrom,* for appellant.
*Freeman & Smith,* for respondent.

WILSON, C. J.

Appeal from an order denying an alternative motion for judgment non obstante or a new trial.

Plaintiff bought and paid for an automobile from defendant, which was to be delivered when he was ready for it. He claims he was to have a new car. Defendant claims plaintiff bought the identical

car used for demonstrating purposes which had been driven about 600 miles. Several months after the purchase and before plaintiff was ready for his car, defendant left a car at his place. It was not satisfactory. Plaintiff claims it was a second-hand car which was in bad condition and had been used considerably. He refused to use or keep the car and tendered it to defendant demanding a new car or his money. This action followed to recover the money paid on the theory that he did not get what he bought.

1. Plaintiff alleged that the car delivered was one which defendant sold on July 12, 1921, to one Boehlke for $1,739.40, payable $752.40 cash, $493.50 on November 12, 1921, and $493.50 on March 12, 1922, and that Boehlke used the car from July, 1921, to May, 1922, when it was taken from him because of his default. Over defendant's objection plaintiff put in evidence the Boehlke contract and also other evidence of the Boehlke transaction to show the history of the car and to prove that it was not what he bought. Defendant seemed to think the only issue was whether plaintiff bought a new car, apparently contending that if the plaintiff did not buy a new car he was not entitled to any relief. Plaintiff claims that the car delivered was in no respect like the one agreed to be delivered and was not worth more than $500. He denies defendant's claim that the car was the identical one sold him. There is a sharp conflict in the evidence as to whether plaintiff bought a particular car or a new one and also whether the one delivered met the terms and conditions of the contract. Plaintiff was entitled to show what his contract called for and also what was delivered. The condition of the car delivered would have a bearing upon whether plaintiff agreed to pay the price of that particular car. F. & M. Nat. Bank v. Przymus, 161 Minn. 85, 200 N. W. 931, and cases cited.

2. Defendant assigns as error the reception in evidence of the Boehlke contract for the additional reason that its terms show defendant received on the sale $752.40 and about a year later sold the same car to plaintiff with a discount of only $100 from the regular price of a new car. If the contract shows this transaction, which might have had an influence upon the jury, it cannot be helped. It

was material to the issue and this edge on it could not exclude it from the case. However, before the jury learned the contents of this exhibit, plaintiff attempted to withdraw it because defendant had testified to the main facts sought to be proved by the contract. The withdrawal was for the benefit of defendant, for it was expressly stated that the exhibit might contain some matters that "might be prejudicial." Defendant objected to the withdrawal and thereby assumed the responsibility for its being in the case.

3. Defendant called Boehlke as a witness and attempted to prove that when the car was repossessed the initial payment was returned to Boehlke. The court sustained plaintiff's objection to this as immaterial. It was immaterial. But under the circumstances it would have been proper to have received the answer. The defendant, being responsible for the presence of the exhibit in the evidence, did not have a legal right to introduce evidence to destroy its prejudicial character. This rested in the discretion of the court. In this situation, supported by a record which indicates that substantial justice has been done, we cannot disturb the trial court's discretionary refusal to hear the evidence.

4. The eighth assignment of error based upon improper remarks by counsel in his argument to the jury fails for want of a record. State v. Peterson, 167 Minn. 216, 208 N. W. 761; State v. Cotter, 167 Minn. 263, 209 N. W. 4. The general reference by the trial court in the instructions to the jury concerning language of counsel is not sufficient.

Affirmed.