ROSE ORTH v. ANDREW WICKMAN.[1]

November 24, 1933.

No. 29,558.

[1]Reported in 251 N. W. 127.

194

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellant.

*A. E. Bryngelson,* for respondent.

*OLSEN, Justice.*

Defendant appeals from an order denying his motion for a new trial after verdict in favor of plaintiff for $3,500. The action and recovery is for damages for personal injury caused to plaintiff in an automobile collision. The accident took place on July 18, 1931, and the action was tried in October, 1932.

Defendant admitted liability for any injury to plaintiff caused by the accident. The appeal raises the questions of whether the damages awarded are excessive and the result of passion and prejudice, and the amount thereof so lacking in support in the evidence as to require the granting of a new trial or the reduction of the verdict on that ground, and the further questions as to whether the court erred in denying defendant's motion to strike out certain evidence and in denying certain requests for instruction to the jury. There are the further assigned errors that the verdict is not justified by the evidence and that the court erred in denying the motion for a new trial on the ground of the errors specified in the motion.

The particulars of the plaintiff's claimed injuries are stated in subsequent paragraphs. At the outset it is pertinent to state the charge of the court on the question of damages. The court charged that the jury should return a verdict for plaintiff in some amount. As to the measure and amount of damages to be awarded, the court charged the jury as follows:

"It is your province, however, to establish and assess damages in money for the injury sustained by the plaintiff, as shown by the evidence, and in so doing you will assess her damages in such amount as will fully and fairly compensate her for any injury or injuries she received in the collision here involved, as shown by the evidence. In estimating such damages, you may consider any pain, suffering, inconvenience, and disability which the evidence shows that she has suffered or experienced up to the time of the trial of this action by reason of such injuries; and all pain, suffering, inconvenience, and disability, if any, which the evidence shows to a reasonable certainty she will suffer or experience in future by reason of such injuries. You may also consider, in estimating such damages, the reasonable value of services of physicians necessarily and actually employed in the treatment of plaintiff for said injuries, as shown by the evidence, and also the expense of hospital treatment, medicines, and X-rays, all as shown by the evidence."

No exceptions were taken and no errors assigned as to the charge as given.

■ Taking up, then, the assigned errors as to the refusal of the court to strike out evidence and its refusal to give specific instructions: At the close of the evidence defendant moved the court to strike from the evidence and take from the consideration of the jury any question or claim as to any injury to a kidney as a result of the accident, and requested the court to charge the jury that they could not consider or award any damages for any claimed injury to a kidney. The denials of this motion and request are assigned as errors. The claim is that the evidence as to such injury is speculative and the evidence insufficient to prove such injury or any causal connection of any such injury with the accident.

The plaintiff testified to long continuing pain in the small of the back in the region of the kidney, nausea and vomiting for some time, shock and disability. Her two medical witnesses, Dr. Drake and Dr. Kistler, testified to examinations made of the plaintiff, to analyses made of the urine in July and September, 1931, and the finding of albumen, blood cells, and pus therein, and gave their

opinion that plaintiff had suffered an injury, or slight rupture, especially in the left kidney, and that this was a cause of her continued suffering and disability. The defendant's medical expert, Dr. Wilcox, from his examination of the plaintiff on three occasions and the history given to him, gave his conclusions and opinion that plaintiff had suffered a strain of the muscles of the neck and back and some shock. He further testified that an analysis by him of the urine some three weeks before the trial showed it to be in normal condition. He did admit on cross and redirect examination that vomiting, albumen and blood cells in the urine, and shock were among the symptoms of injury to the kidneys, but might come from several other causes. There is here some conflict in the opinions of the medical experts, with plaintiff's own testimony tending to some extent to support the opinions of her experts. The court did not err in refusing to strike out the evidence as to injury to a kidney or in denying the request to charge the jury not to consider such evidence or award any damages for such injury.

■ It is assigned as error that the court denied a request to charge the jury that no damages should be allowed for "traumatic neurosis." Plaintiff had given some evidence of a nervous condition. The term "traumatic neurosis" came into the case on cross-examination of defendant's medical expert. He defined the term as "nervousness and a mental condition due to reaction to an injury." It is hardly distinguishable from shock, which defendant's expert testified to. Defendant's expert testified that in his opinion plaintiff was suffering from "traumatic functional disturbance" at the time of the trial. The trial court, in that situation, was not required to give the request to charge here in question.

■ The court denied a request to instruct the jury that "in view of the argument of counsel of plaintiff * * * and the evidence" the jury cannot consider that any condition of the right kidney was a result of the accident. There was testimony by the plaintiff, as stated, of pain over the region of the kidneys, and medical evidence of an analysis of the urine separately from each kidney and that the urine showed blood cells and albumen in the discharge from the right kidney the same as from the left. Physical injury to the

right kidney was not claimed by plaintiff's medical experts. The court having given a correct general charge as to damages, we cannot say that it erred or that any prejudice is shown in the denial of the request.

■ Certain other requests to charge, for instance that the court charge the jury that vindication of plaintiff's character was not an issue in the case and should not be considered, are claimed to be based on statements made by plaintiff's attorney in his closing argument to the jury. Counsel's argument was not taken down or made a part of the record, and no objections or exceptions thereto are noted. There is nothing in the record to sustain these assignments of error. The recitals in the requests to charge, which were denied by the court, are not a sufficient foundation. This applies to requests Nos. 3 and 6. Olesen v. Noren, 161 Minn. 113, 201 N. W. 296; State v. Peterson, 167 Minn. 216, 208 N. W. 761; State v. Cotter, 167 Minn. 263, 209 N. W. 4; Katzenmeyer v. Kuske, 168 Minn. 93, 209 N. W. 867; Turner v. Witte, 170 Minn. 248, 212 N. W. 200. When requests to charge are based on arguments of counsel, not made part of the record, there are no means presented by which this court can determine whether the requests are well founded or not or whether refusal thereof was prejudicial.

■ Request to charge No. 7 is that the court charge the jury that they are not to speculate upon what the evidence excluded by the court might have been. This is asked "in view of the argument and reference of plaintiff's counsel to some report of Dr. Everlof." The report was excluded by the court. The trial court might have given such a request. Having given a fair charge as to damages, on which no error is claimed or assigned, the court was not required to so instruct the jury. Otherwise trial courts would, on request, have to give such a charge in every case where any item of evidence was excluded. Not knowing what counsel's remarks were, we have no basis on which to hold that the denial of the request was prejudicial.

■ This leaves for consideration the question of whether the damages sustained are so excessive as to indicate passion or prejudice on the part of the jury so as to entitle defendant to a new

trial on that account or such as to require this court to reduce the same.

Plaintiff's medical and hospital expenses amounted to something over $300, leaving some $3,100 for her injuries. She was a young woman between 17 and 18 years of age at the time of the accident. Briefly stated, she testified that her head and neck were jerked against the edge of the window in the back of the car and then her body jerked forward; that her head and neck became sore and pained her, and her neck and the upper part of her shoulders became stiff for some time; that her back, and especially the small of the back in the region of the kidneys, commenced to ache and continuously caused her much pain for two or three months; that this pain recurred thereafter up to the time of the trial whenever she made any exertion or tried to work; that the discharge of urine became irregular and colored; that she was sent to the hospital twice by her physician for periods of about ten days each; that she was confined to her bed at home for periods aggregating three or four weeks; that she was a high school pupil and unable to attend school from September until the following February; that she became tired and exhausted whenever she exerted herself to any extent, and this condition continued up to the time of the trial; that for a week or so after the accident she vomited occasionally and was troubled with nausea. This evidence, together with the opinion evidence of her medical witnesses, as hereinbefore stated, and their opinion that plaintiff had not fully recovered and would continue to suffer to some extent and require medical attention for some time after the trial, justified a substantial verdict. Plaintiff admitted that during 1932 she had attended two or three dances but soon became tired and could not dance very much; that she had gone in bathing a number of times and done a little swimming; that she had taken part in a potato race and won the race, but fainted at the conclusion thereof. Her hospital stays appear to have been for the purpose of observation, examination, and tests, and not for treatment. She was not given any special treatment except hot packs and a hot water bottle for some days after the accident.

The verdict is generous, but with no evidence, aside from the size of the verdict, tending to arouse passion or prejudice of the jury, we do not feel justified in setting it aside or reducing it after the trial court has passed upon the questions and denied the motion for a new trial.

Order affirmed.

*HOLT, Justice* (dissenting).

In my opinion the verdict is excessive. The position of plaintiff in an upholstered seat of an automobile when defendant's car bumped into it from behind makes it extremely improbable that any serious rupture occurred to either kidney, and the medical testimony seems to my mind to show that no severe or permanent injury resulted from the jolt. I think the verdict should be reduced to $2,300.

*STONE, Justice* (dissenting).

I think there should be a substantial reduction of the verdict or a new trial.

*LORING, Justice* (dissenting).

I agree with Mr. Justice Stone.