## STATE v. HENRY HANKE.[1]

January 28, 1938.

No. 31,417.

[1]Reported in 277 N. W. 364.

*Joseph P. O'Hara,* County Attorney, for the State.
*William O. McNelly* and *T. O. Streissguth,* for respondent.

PETERSON, JUSTICE.

The state appeals from an order granting judgment in favor of defendant notwithstanding the verdict finding him guilty of paternity of a female child born to prosecutrix on June 3, 1936.

Prosecutrix claims that the child was begotten on the night of September 6, 1935, by an act of intercourse with defendant in an automobile parked near a public dance hall at a lake resort in McLeod county. It is not disputed that intercourse responsible for the pregnancy occurred on the date claimed. Prosecutrix' evidence generally is to the effect that she had known defendant, who is an unmarried man, all her life; that she had been out with him on previous occasions to dances and otherwise; that there had been previous acts of sexual intercourse between them; that on the night in question she and her younger brother went to the dance hall and got there between 8:30 and 9:00 o'clock; that she saw and spoke to defendant at the dance some time between 8:30 and 9:00; that about 10:30 she and defendant went to his parked automobile, where they remained for about an hour, during which time the intercourse occurred. She claims that on March 7 and March 18, 1936, she sent letters to defendant, which it is admitted he received, advising him that she desired to see him about a personal matter. He did not comply with the request contained in the letters. Prosecutrix testified positively that defendant is the father of her child.

Defendant's evidence generally is to the effect that on the night in question between the hours of eight o'clock and nine he was in Hutchinson, Minnesota, attending a band concert with his mother and some friends; that thereafter he went home with the car which he then had and got what he called a Ford pickup truck, with which he proceeded to the dance with his friends. He claims that he arrived at the dance about 10:30 p. m. and stayed there until some

time between 11:30 and midnight; that when he got there he went into the dance hall with his friends and remained inside the hall all the time he was there; that he did not go to his car with the prosecutrix, did not have intercourse with her, and was not the father of her child. He also denied that he had been with her on the other occasions when she claimed that he had intercourse with her. He testified that, although the letters did not mention the pregnancy of prosecutrix, he did not answer them because he "had nothing to do with it." Later he explained his testimony by saying that he had been informed that she was pregnant and gave as another reason that he did not answer the letters that the highways were obstructed. In some respects defendant's evidence contradicts that of the state, especially as to his whereabouts between the hours of 8:30 until shortly after 10:00 o'clock at night, but this was prior to the time when the act of intercourse occurred and does not disprove that act. Defendant was contradicted by witnesses who testified that he did not stay in the dance hall as claimed; that he was out with prosecutrix on previous occasions when she claimed that she had intercourse with him, and in some other particulars. His own testimony corroborates her in the fact of their having been lifelong friends and acquaintances; that he had taken her out on some previous occasions; that he was at the dance at the time the intercourse is alleged to have occurred; that he had the car there in which she claimed the act of intercourse was committed.

The only question presented is whether the evidence is sufficient to sustain the verdict. Parker v. Fryberger, 165 Minn. 374, 206 N. W. 716. If prosecutrix' version is true defendant is guilty; if his version is true he is not guilty. There is evidence to support the claims of each of the parties. Where there is conflicting evidence supporting the claims of the parties the question is one of fact for the jury. In similar cases we have held that the evidence supported a verdict of guilty. State v. Klaustermeier, 173 Minn. 627, 218 N. W. 110; State v. Schmidt, 155 Minn. 440, 193 N. W. 954; State v. Deike, 144 Minn. 453, 175 N. W. 1000; State v. Cotter, 167 Minn. 263, 209 N. W. 4. The number of witnesses does not establish the weight of the evidence, and a verdict may be based upon

50

the testimony of a single witness. State v. Cotter, *supra;* Benson v. Northland Transp. Co. 200 Minn. 445, 274 N. W. 532.

It was error for the court below to grant judgment notwithstanding the verdict.

The order is reversed.

[1]Reported in 277 N. W. 357.