## STATE v. ALLEN CHESTER HARTMAN.

136 N. W. (2d) 543.

July 30, 1965—No. 39,427.

*Clinton W. Wyant,* for appellant.

*Robert W. Mattson,* Attorney General, *Linus J. Hammond,* Assistant Attorney General, and *Thomas B. Cline,* County Attorney, for respondent.

OTIS, JUSTICE.

Defendant has been convicted of grand larceny in the first degree and appeals from an order denying his motion for a new trial and from the judgment.

The assignments of error are (1) that the verdict is not supported by

the evidence; (2) that there is newly discovered exculpatory evidence; (3) that defendant was denied a speedy trial; (4) that the county attorney's closing argument, not a part of the record, was improper; and (5) that defendant was illegally arrested and held without bail.

■ The information alleges that on January 27, 1962, in the village of Palisade, Aitkin County, defendant stole the following articles from the Palisade Co-op Society Store: Two rifles, an electric drill, two electric shavers, a splitting mall, a crowbar, and a Skill saw.

The village marshal testified that on Saturday, January 27, 1962, at about 8:30 in the evening, he observed a car parked on a street adjacent to the Co-op Store and, because it bore out-of-town license plates, he recorded the license number. At about 11 o'clock that evening, while making his rounds, he found the Co-op had been burglarized and notified the Aitkin County sheriff's office by radio. While in the process of making his report, he saw that the car he had previously noted was heading west a block away. At the direction of the sheriff's office he followed the vehicle, traveling at speeds of up to 80 miles per hour in so doing, and in the course of the pursuit, for a distance of 5 or 6 miles, he noted puffs or swirls of snow along the shoulder as if objects were being thrown out. Near Aitkin the two vehicles were brought to a stop by a roadblock. The car was occupied by defendant and two companions, all of whom were arrested and taken into custody. Defendant was the owner of the car and was charged with permitting the driver to travel at a speed of 70 miles per hour in a 50-mile zone. Subsequently that charge was dismissed, and he was formally charged with burglary and larceny.

Upon retracing the route taken by defendant's automobile, the marshal and the sheriff discovered along the right-of-way two rifles, two loaded revolvers, sticks of dynamite, a marked dollar bill, a power saw, an electric drill, various wrecking bars, chisels, punches, and malls, much of which the manager of the Co-op identified as having been stolen from his store. There was testimony that a set of keys found in the store after the burglary belonged to defendant's sister and fitted various locks on the farm which she owned in Brookston. In addition, a clerk in the Co-op positively identified defendant as one of three men who had been in the store about 3 o'clock that afternoon.

Defendant and the driver of his vehicle, Dick W. C. Anderson, testified that they had left Minneapolis in the late afternoon to estimate a roofing and siding job on the farm referred to and had stopped at a number of bars and taverns en route. Anderson admitted being in Palisade but claimed they stopped there only for the purpose of sleeping off the beer and liquor they had been consuming throughout the day. Defendant denied any knowledge of events subsequent to stopping for food and beer and claimed he had been asleep from about 6:30 until 11 o'clock that evening, when he was awakened at the roadblock.

It is the contention of defendant that a comparison of the keys alleged to have been found at the scene of the burglary with keys shown by defendant's witnesses to fit the locks at the Brookston farm conclusively demonstrates that those found at the Co-op Store could not have been for the farm. This, however, was a question of fact on which the jury passed, and whether the issue was resolved for or against defendant, we hold that the circumstantial evidence recited was sufficient to sustain a verdict of guilty.[1]

■ Defendant has for the first time on appeal submitted a confession executed by a fellow inmate in the State Prison purporting to exonerate defendant in the following language:

"* * * I kicked in the store there at Palisade—Al Hartman was not with me when I kicked in the joint."

While we question the exculpatory effect of this statement, we hold it is not in any event grounds for reversal since the matter has never been presented to the trial court for its consideration.[2]

■ With respect to the claim that defendant was denied a speedy trial, the record discloses the following sequence of events: Subsequent to his arrest on January 27, defendant was on February 1 charged with grand larceny and burglary. On February 13 a preliminary hearing was conducted, and on February 15 he was arraigned in the district court, counsel appointed, a plea of not guilty entered, and bail set. The defendant being unable to post bail requested a trial before the end of the term of court.

[1] State v. Bell, 262 Minn. 545, 550, 115 N. W. (2d) 468, 472.
[2] Cf. State v. Rainer, 258 Minn. 168, 177, 103 N. W. (2d) 389, 395.

At the opening of the next term on May 8, 1962, defendant moved to dismiss on the ground he had been deprived of a speedy trial. The motion was denied and the matter was reset for June 5, 1962, on which date a motion to suppress evidence was granted. On July 9 the matter proceeded to trial, but the death of defendant's sister resulted in a mistrial the following day, whereupon the matter was reset for July 31 and was at that time tried to verdict.

There is no satisfactory explanation for the county attorney's failure to proceed with the prosecution during a period of 5 months following defendant's arrest. We strongly disapprove of such delays, and more particularly where the defendant is in custody and unable to raise bail. It is the court's duty, and not that of the county attorney, to make the ultimate decision as to when criminal matters shall be heard. If need be, they should take precedence over civil litigation and be brought to trial with reasonable dispatch, whether the court is in or out of term.[3] Under the circumstances of this particular case, however, we cannot say defendant was denied a constitutional right which requires that he be discharged. There is no showing that any prejudice in the conduct of his defense resulted, and the court directed that in serving his sentence he be credited with the time which he spent in the county jail.

■ The other assignments of error are unsupported by any authority but have been considered and are found to be without merit.[4]

Affirmed.

---

[3] Minn. Const. art. 1, § 6; Minn. St. 611.04; State v. Artz, 154 Minn. 290, 294, 191 N. W. 605, 606; State v. Emanuelson, 268 Minn. 73, 75, 128 N. W. (2d) 88, 89.

[4] State v. Peterson, 167 Minn. 216, 208 N. W. 761; Orth v. Wickman, 190 Minn. 193, 197, 251 N. W. 127, 128; Lockhart, Kamisar & Choper, Constitutional Law, c. 11, § 3F, p. 752.