STATE v. LOUIE FRANK FIELDS.

157 N. W. (2d) 61.

March 8, 1968—No. 40,448.

---

*C. Paul Jones,* State Public Defender, and *Murray L. Galinson,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Acting Solicitor General, *William B. Randall,* County Attorney, and *Thomas M. Quayle* and *Carl Conney,* Assistant County Attorneys, for respondent.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from a judgment of the Ramsey County District Court adjudging defendant guilty of unauthorized use of a motor vehicle.

The defendant, Louie Frank Fields, was arrested for felonious theft of an automobile. Although the record does not pinpoint the time of his arrest, it apparently occurred sometime in the early morning of November 29, 1965, as the information charges that the crime was committed on that day and the record discloses that defendant was apprehended a short time after the crime was committed.

Defendant was later charged by information with felonious theft. He pled not guilty.

At 9 a. m. on November 29, while defendant was in custody at the Public Safety Building in St. Paul, he was searched and several articles were taken from his person. No search warrant was obtained. On January 17, 1966, he filed a pro se motion to dismiss the com-

plaint, charging lack of probable cause for arrest and illegal seizure of evidence.

The motion was initially heard on January 18, 1966. At that hearing, defendant's counsel, the Ramsey County public defender, indicated that defendant made the motion personally and not with his advice. The court denied the motion provisionally, pending the state's decision on whether it would submit seized evidence which would require a Rasmussen notice. See, State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 552, 141 N. W. (2d) 3, 12.

The next day, January 19, the state gave defendant notice, as required by the Rasmussen case, that it intended to introduce objects obtained from his person while in custody. Upon learning this, the trial court informed defendant that he could move to suppress this evidence, but so far as appears, he did not renew his motion at that time.

The case came on for trial before judge and jury on January 20, 1966. Defendant was represented by an assistant Ramsey County public defender. Soon after the case was called for trial, the state indicated a desire to change the charge from felonious theft to unauthorized use of a motor vehicle, and said that defendant had manifested an intent to plead guilty to the latter charge. Thereupon defendant withdrew his original plea of not guilty, a new information charging unauthorized use of an automobile contrary to Minn. St. 609.55, subd. 2, was read to him, and he pled guilty to this information.

According to defendant's testimony at the interrogation following entry of his plea, he took the car from the corner of Dale Street and Concordia Avenue, drove to Dale and Selby Avenue, parked the car, and entered an apartment there, where he was arrested.

Defendant admitted that his counsel, the public defender, met with him half a dozen times, went through the charge with him, and explained all his rights. He said that he understood the nature of the crime charged in the new information, and that he made the guilty plea of his own free will. The trial court adjudged defendant guilty of unauthorized use of a motor vehicle and sentenced him to an indeterminate term not to exceed 3 years.

Defendant in this appeal contends that his counsel was incompetent and that his guilty plea was induced by misapprehension as to the admissibility of illegally seized evidence.

■ It is clear that a criminal defendant's right to representation by counsel, which is protected from state infringement by the Fourteenth Amendment, includes the right to adequate representation. Powell v. Alabama, 287 U. S. 45, 53 S. Ct. 55, 77 L. ed. 158, 84 A. L. R. 527. The subsequent case of Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. ed. (2d) 799, 93 A. L. R. (2d) 733, which extended the right to counsel to all felonies, presumably extended as well the doctrine that mere formal representation does not satisfy the requirement of due process. In fact, this court has recently acknowledged the constitutional right to effective counsel. State v. Waldron, 273 Minn. 57, 139 N. W. (2d) 785.

However, while conceding the right to adequate representation, we find no evidence that the right was denied in this case. We note, first of all, that representation is presumed to be competent. State ex rel. Terry v. Tahash, 278 Minn. 100, 153 N. W. (2d) 227. Furthermore, in the absence of contrary evidence, there is a presumption that appointed counsel consulted with defendant and advised him of his rights. State v. Waldron, *supra*. Defendant here submitted no affirmative evidence of his counsel's inadequacy.

Even without these presumptions, the record here reveals that defendant was adequately represented. For representation to be constitutionally defective, it must be so inadequate as to amount to a sham. State v. Waldron, *supra;* State v. Russell, 272 Minn. 463, 138 N. W. (2d) 690. Here defendant's counsel first conferred with him on December 2, 1965. This was approximately 50 days prior to trial. In Waldron, as well as in State ex rel. Butler v. Swenson, 243 Minn. 24, 66 N. W. (2d) 1, two days was considered an adequate time in which to prepare. It appears here not only that counsel had abundant time in which to prepare, but that he put to good use the time provided him. He consulted with the defendant six times, informed him of the nature of the charge, and advised him of his rights. Of course, since the charge was changed at trial, the consulta-

tion was with respect to a crime different from the one for which defendant was ultimately convicted, but the crimes are so similar that what counsel imparted as to one is relevant to a consideration of the other. We conclude that defendant was not denied effective representation by counsel.

■ The procedure outlined by the Rasmussen case requires the state, as soon after arraignment as possible, to advise the court whether its case will include evidence obtained as a result of a search and seizure. Thereupon the court must advise the attorney for defendant that he may move the court to suppress the evidence. If the defendant, being so advised, refuses to make such a motion, he waives any objection to the admissibility of the seized evidence.

Here the state advised the court of its intent to use the seized evidence and the court advised the defendant of his right to make a motion to suppress. The defendant apparently made no such motion. Thus, it is clear that he waived his right to object to the evidence, and he cannot now seek vacation of his guilty plea on the grounds of misapprehension as to the admissibility of such evidence.

In reaching this conclusion, we are not unmindful that the state submitted its notice only a short time before the case was slated for trial. When the state submitted its notice, defendant's attorney objected that the notice was untimely. Thereupon the trial court asked the attorney if he was requesting an extension of time. He said he was not. Clearly, therefore, defendant was not prejudiced by the state's failure to make a timely motion.

Having decided that the defendant waived his right to object to use of the seized evidence, we find it unnecessary to discuss whether the evidence was in fact illegally obtained.

Affirmed.