## STATE v. JOHN JOSEPH BOROUGH.

178 N. W. (2d) 897.

June 30, 1970—No. 41924.

*C. Paul Jones,* State Public Defender, and *Rosalie Wahl,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, and *Jerome D. Truhn,* Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Sheran, and James F. Murphy, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of conviction of the crime of escape in violation of Minn. St. 609.485.

The issue on appeal is whether a delay from June 16, 1967, the date on which appellant escaped for 5 hours from the custody of the Youth Conservation Commission, until October 14, 1968, when he was tried and found guilty of escape contrary to Minn. St. 609.485, subd. 2(1), as charged by an information filed October 7, 1968, constitutes such a denial of the right to a speedy trial as to justify or require a reversal of the conviction. Although the right to a speedy trial is not suspended by confinement as punishment for a different offense,[1] we affirm the de-

---

[1] A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial, Approved Draft, 1968, § 3.1, provides: "To protect the right to speedy trial of a person serving a term of imprisonment either within or without the jurisdiction, it should be provided by rule or statute and, where necessary, interstate compact, that:

"(a)  ·If the prosecuting attorney knows that a person charged with

cision under the facts of this particular case for these reasons:

■ Two applicable principles of law support the trial court:

(a) The established rule in Minnesota has been that a delay in commencing a prosecution in a criminal case will not entitle the defendant to an absolute discharge in the absence of a formal demand by him or on his behalf that the prosecution be commenced or dismissed at some earlier point in time. State v. Robinson, 262 Minn. 79, 114 N. W. (2d) 737; State v. McTague, 173 Minn. 153, 216 N. W. 787. Although a motion to dismiss the prosecution was made on defendant's behalf on October 14, 1968, no attempt was made to show that a formal demand for an earlier prosecution had ever been made.

(b) The record does not adequately demonstrate prejudice to defendant resulting from the delay. The rule in this state has been that prejudice must be made to appear. See, State ex rel.

---

a criminal offense is serving a term of imprisonment in a penal institution of that or another jurisdiction, he must promptly:

"(i)   undertake to obtain the presence of the prisoner for trial; or

"(ii)   cause a detainer to be filed with the official having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.

"(b)   If an official having custody of such prisoner receives a detainer, he must promptly advise the prisoner of the charge and of the prisoner's right to demand trial. If at any time thereafter the prisoner informs such official that he does demand trial, the official shall cause a certificate to that effect to be sent promptly to the prosecuting attorney who caused the detainer to be filed.

"(c)   Upon receipt of such certificate, the prosecuting attorney must promptly seek to obtain the presence of the prisoner for trial.

"(d)   When the official having custody of the prisoner receives from the prosecuting attorney a properly supported request for temporary custody of such prisoner for trial, the prisoner shall be made available to that prosecuting attorney (subject, in cases of interjurisdictional transfer, to the traditional right of the executive to refuse transfer and the right of the prisoner to contest the legality of his delivery)."

Knott v. Tahash, 281 Minn. 305, 161 N. W. (2d) 617; State v. Hartman, 272 Minn. 58, 136 N. W. (2d) 543.[2]

■ Minn. St. 611.04 provides that when any person has been held to answer for a public offense, the court shall order the prosecution to be dismissed if an indictment is not found in the next term of court against the person so held unless good cause to the contrary is shown. We do not believe the legislature intended Minn. St. 611.04 to apply where a person accused of a crime is in custody for a different offense. It is clear to us that the legislature intended situations such as the present one to be controlled by Minn. St. 629.292, which establishes a procedure by which an imprisoned person can effectually request final disposition of any untried indictment or information pending against him in this state.

■ While we affirm the decision of the trial court in this case, it is imperative to emphasize the necessity of proceeding with the prosecution of criminal cases with utmost dispatch whether the person against whom the criminal charge is pending is incarcerated or not. It is now established that the failure of states to accord a speedy trial is a deprivation of the right accorded by the Sixth Amendment of the United States Constitution, made obligatory upon the states by the Fourteenth Amendment. Klopfer v. North Carolina, 386 U. S. 213, 87 S. Ct. 988, 18 L. ed. (2d) 1; Smith v. Hooey, 393 U. S. 374; 89 S. Ct. 575, 21 L. ed. (2d) 607; Dickey v. Florida, 398 U. S. 30, 90 S. Ct. 1564, 26 L. ed. (2d) 26.

---

[2] In State v. Hartman, 272 Minn. 58, 61, 136 N. W. (2d) 543, 545, although no prejudice was found, this court, speaking through Mr. Justice Otis, said: "There is no satisfactory explanation for the county attorney's failure to proceed with the prosecution during a period of 5 months following defendant's arrest. We strongly disapprove of such delays, and more particularly where the defendant is in custody and unable to raise bail. It is the court's duty, and not that of the county attorney, to make the ultimate decision as to when criminal matters shall be heard. If need be, they should take precedence over civil litigation and be brought to trial with reasonable dispatch, whether the court is in or out of term."

While a delay of 18 months in accomplishing a prosecution does not constitute a denial of the constitutional right to a speedy trial under the facts of this case (see, United States v. Ewell, 383 U. S. 116, 86 S. Ct. 773, 15 L. ed. [2d] 627), we recognize that in some situations a defendant suffering prejudice[3] in fact resulting from a delayed trial may be entitled to insist upon a dismissal even though the formal demand heretofore required by our decisions has not been made in a technically adequate way.

In the words of Mr. Chief Justice Burger, who delivered the opinion of the United States Supreme Court in Dickey v. Florida, 398 U. S. 30, 37, 90 S. Ct. 1564, 1568, 26 L. ed. (2d) 26, 32:

"The right to a speedy trial is not a theoretical or abstract right but one rooted in hard reality on the need to have charges promptly exposed. If the case for the prosecution calls on the accused to meet charges rather than rest on the infirmities of the prosecution's case, as is the defendant's right, the time to meet them is when the case is fresh. Stale claims have never been favored by the law, and far less so in criminal cases. Although a great many accused persons seek to put off the confrontation as long as possible, the right to a prompt inquiry into criminal charges is fundamental and the duty of the charging authority is to provide a prompt trial."

Affirmed.

---

[3] The concurring opinion of Mr. Justice Brennan in Dickey v. Florida, 398 U. S. 30, 39, 90 S. Ct. 1564, 1569, 26 L. ed. (2d) 26, 33, should be carefully examined when a case arises where the trial court is in doubt as to whether prejudice from delay has occurred.