STATE v. WAYNE GRAVENING.

182 N. W. (2d) 704.

December 31, 1970—No. 42309.

*Stanley S. Gillam,* for appellant.

*Douglas M. Head,* Attorney General, *James M. Kelley,* Assistant Attorney General, *Keith M. Stidd,* City Attorney, *Lewis Bloom,* Assistant City Attorney, and *James E. Sutherland,* Senior Student, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Kelly, and Frank T. Gallagher, JJ.

PER CURIAM.

Appeal from an order of the Municipal Court of Hennepin County denying defendant's motion for a new trial and from a judgment of conviction of theft.

Defendant, Wayne Gravening, was arrested at about 2:30 a. m. on June 18, 1969, in the basement of the Plymouth Building parking garage in downtown Minneapolis, Minnesota. He had been apprehended in the building by its stationary engineer, Willard O. Norlin, with the assistance of the night garage manager, Gordon P. Chelson, who called the police to make the ultimate arrest. Defendant was in stocking feet when apprehended.

On August 5, 1969, defendant waived a jury trial and was tried before the Hennepin County Municipal Court on a charge alleging violation of Minn. St. 609.52, subd. 2(1), which provides:

"Whoever does any of the following commits theft * * *:

"(1) Intentionally and without claim or right takes, uses, transfers, conceals or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of the property."

Defendant was convicted and appeals to this court.

The record discloses that Norlin heard the sound of tools dropping in the hall 10 to 12 feet from him and "glimpsed" a man near the elevators located there. Upon investigation Norlin found a heavy-duty drill and transistor radio on the hallway floor. On the stairway leading to the parking garage, he found two screwdrivers, a flashlight, and a hammer. All of these items belonged to the Plymouth Building and earlier none had been where Norlin now found them. Proceeding upstairs into the garage, Norlin confronted defendant and, with aid from Chelson, held defendant until the police arrived. Upon investigation, the police found defendant's shoes in a location quite removed from the hallway in which Norlin first "glimpsed" defendant and from the garage area in which defendant was apprehended.

At the trial, defendant claimed that he had gone to two 3.2 beer taverns after finishing work at about 5 p. m.; that he had met a man, known only as "Jim," who offered him a ride home; and that he had gone out to "Jim's" car around 5:30 p. m. and fallen asleep in the back seat only to awaken there in the garage of the Plymouth Building at about 2 a. m. Defendant claims that he was attempting to leave the garage when he entered the subbasement of the Plymouth Building; that he saw Norlin and quickly realized there was no exit in that direction; and that he went back upstairs only to find himself pursued by Norlin.

This appeal raises four issues: (1) Whether the evidence is sufficient to sustain the conviction; (2) whether admission of defendant's shoes and of testimony concerning them was prejudicial error requiring a new trial; (3) whether defendant's claim of newly discovered evidence entitles him to a new trial; and (4) whether alleged prejudicial error in the introduction of a prior conviction by way of cross-examination of the defendant requires a new trial. The trial court held against defendant on all four issues.

The findings of a trial court are entitled to the same weight as the verdict of a jury in a criminal case and will not be set aside unless the is no reasonable evidence in support of them. State v. Gardin, 251 Minn. 157, 86 N. W. (2d) 711.

The trial court rejected defendant's explanation, saying:

"The Court is going to have to state that upon all the circumstances and facts, taking into account both the defendant's testimony, his demeanor on the stand, that the Court does not believe the account that the defendant gave here on the witness stand."

We hold that under the record the court could reasonably find defendant guilty of the crime of theft as charged.

We do not accept defendant's contention that admission of his shoes and of the testimony of a police officer as to where the shoes were found was error. On the night of the incident at issue several police cars responded to the call. An Officer Winslow approached Officer Robert W. Johnson at the scene and told him he had found a pair of shoes on a platform adjoining the building and wanted a witness as to their location before he picked them up. At the trial Officer Johnson testified as to that location. He testified also that it had started to rain 10 minutes before the police received the call and that when Officers Winslow and Johnson picked up the shoes the concrete underneath the shoes was dry although the tops of the shoes were wet. While this testimony conflicts with defendant's testimony that he lost the shoes in the garage, admission of the officer's testimony as to his personal observation of the shoes' location was well within the trial court's discretion.

Defendant presents no "newly discovered evidence" to this court. We will not speculate on the possibility that such evidence may turn up. At such time as it might be found, "newly discovered evidence" must first be submitted to the trial court for its consideration. State v. Hartman, 272 Minn. 58, 136 N. W. (2d) 543.

Under Minn. St. 595.07, as interpreted by this court in State v. West, 285 Minn. 188, 173 N. W. (2d) 468, the prosecutor has a right to cross-examine a defendant regarding the fact of a conviction, the nature of the offense, and the identity of the defendant. Here, the questioning was kept strictly within those bounds and thus was permissible. No advance notice need be given to a defendant of those crimes for which he has been prosecuted previously. State v. Spreigl, 272 Minn. 488, 139 N. W. (2d) 167.

Affirmed.