# STATE v. PAUL BRUCE WALTER.

184 N. W. (2d) 426.

February 12, 1971—No. 42025.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy* and *Rosalie Wahl,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *James M. Kelley,* Assistant Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Peterson, and Rosengren, JJ.

ROGOSHESKE, JUSTICE.

Direct appeal from a judgment of conviction entered upon a jury verdict finding defendant guilty of the offense of uttering a forged instrument in violation of Minn. St. 609.625, subds. 1(1) and 3.[1]

---

[1] "Subdivision 1. Whoever, with intent to defraud, falsely makes or alters a writing or object of any of the following kinds so that it purports to have been made by another * * * or by authority of one who did not give such authority, is guilty of aggravated forgery * * *:

"(1) A writing or object whereby, when genuine, legal rights, privi-

Without specifically challenging the sufficiency of the evidence to sustain the conviction, defendant seeks a new trial, contending that the prosecutor committed prejudicial misconduct in attempting to introduce police statements without notice and pretrial hearing as required by State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3; that admission of evidence with respect to prior felony and misdemeanor convictions was error; that error was committed by the court in failing to strike answers given when objections to the questions had been sustained; that he was denied a speedy trial; and that he was denied his right to effective representation of counsel.

Defendant was found guilty by a jury of uttering a forged instrument. The evidence is undisputed that on June 4, 1968, he cashed a check at Montgomery Ward & Company, made payable to him, for $124 drawn on the account of the Franklin Avenue 66 Service Station, a "Regiscope" picture of which was taken by the Montgomery Ward cashier contemporaneously with the incident; that the check was in fact forged; and that defendant received the proceeds. The single disputed fact issue before the jury was whether defendant had knowledge that the check was a forgery and therefore cashed it with intent to defraud in violation of § 609.625, subd. 3.

A careful examination of the record satisfies us that the evidence was clearly sufficient to enable the jury to find beyond a reasonable doubt that defendant knowingly and intentionally uttered a check which he knew was forged. In light of the nature of defendant's claims on this appeal, it is unnecessary to review that evidence in detail.

Defendant claims that the prosecution attempted to use a

leges or obligations are created, terminated, transferred or evidenced * * *; * * *

* * * * *

"Subd. 3. Whoever, with intent to defraud, utters * * * any forged writing * * * mentioned in subdivision 1, knowing it to have been so forged, may be sentenced as provided in subdivision 1."

written statement, which defendant purportedly made to police officers, for impeachment purposes without complying with the procedure established by State ex rel. Rasmussen v. Tahash, *supra*. This contention is based on the following facts. The prosecuting attorney, during cross-examination, asked defendant whether he had before trial explained to anyone other than his attorney or doctor a loss of memory which he testified he experienced during the period before and after cashing the check in question.[2] Defense counsel objected to this question, approached the bench, and vigorously protested that no Rasmussen hearing had been held. After some dialogue at the bench, the attorneys and the court retired to chambers to discuss the matter out of the jury's hearing. After lengthy discussion, the court was persuaded to sustain defendant's objection to any further attempt to impeach defendant in order to avoid any possibility of error in admitting such evidence without prior notice and opportunity to seek suppression before trial in accordance with the procedures set forth in the Rasmussen case. Under the circumstances, the trial court denied a mistrial, concluding that there was no indication to the jury that the prosecutor was seeking to impeach from a police department statement except that defense counsel's argument in the courtroom might be so construed. Thus, assuming without deciding that such impeaching evidence would be inadmissible, there is no adequate factual basis in this record to support defendant's claim of prosecutorial misconduct.

On this record, defendant's claim of prejudice in the admission of evidence of his prior convictions is not persuasive. The permissibility of introducing a prior conviction to impeach the credibility of a defendant who takes the stand is well settled. Minn. St. 595.07; State v. Markuson, 261 Minn. 515, 113 N. W. (2d) 346; State v. Curtis, 39 Minn. 357, 40 N. W. 263. There is no basis in the record for claiming that the prosecution sought to

---

[2] The purported reason for defendant's alleged blackout was his heavy drinking during the day and leading up to the time of cashing the check.

impeach defendant on the ground that he had been convicted of a misdemeanor, since the evidence relating to such a conviction amounted merely to a possible inference from defendant's unresponsive statement that his residence prior to March 1968 was in the workhouse. Defendant's claim that evidence of his prior conviction for the crime of "aggravated forgery" was highly prejudicial is likewise without persuasive force, for it was defendant who characterized the prior offense as "theft by check." While a claim that admission of evidence of a prior conviction for an identical but unrelated crime is devastatingly prejudicial may well be meritorious, our statute expressly permits its admission, and we decline upon this record and where there is otherwise compelling evidence of guilt to reconsider our prior adherence to the statute.

We regard the court's failure to strike objectionable testimony as a mere inadvertence and defendant's claim of prejudice by reason thereof as utterly devoid of merit, especially in view of the fact such inadvertence was not called to the court's attention and the court incorporated in its charge the usual cautionary instructions to disregard evidence ruled inadmissible.

There is also no factual basis for defendant's claim that he was denied a speedy trial since the record reveals no reason why a lapse of 4 months between arrest and trial occurred. Not only is the requisite factual support lacking, but the alleged resultant unavailability of two claimed corroborating witnesses is wholly speculative, compelling the conclusion that defendant has failed to make the necessary showing of prejudice occasioned by the delay. State v. Fagerstrom, 286 Minn. 295, 176 N. W. (2d) 261; State v. Hartman, 272 Minn. 58, 136 N. W. (2d) 543. Perhaps most significantly, a failure to move for discharge or dismissal at the time the case is called for trial is now urged to constitute a waiver of a defendant's right to a speedy trial. A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial (Approved Draft, 1968) § 4.1.

Defendant's claim of ineffective representation of counsel is

equally lacking in merit. In no way does the record support the contention that defense counsel's representation amounted to a mere sham. State v. Fields, 279 Minn. 374, 157 N. W. (2d) 61; State v. Waldron, 273 Minn. 57, 139 N. W. (2d) 785.

A careful review of the record satisfies us that defendant's claims on this direct appeal are not supported by the record, nor are doubts raised concerning his guilt. Accordingly, his conviction must be upheld.

Affirmed.